OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio [hereinafter appellant], appeals from the March 24, 2004, Judgment Entry which rescinded a previous trial court order which designated defendant-appellee Alvin Turner, Jr. [hereinafter appellee] as a sex offender.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 18, 2000, appellee pled guilty to two counts of attempted pandering of sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(1). Appellee was sentenced to two years in prison and found to be a sexually oriented offender. Accordingly, pursuant to R.C. 2950.07(B)(3), appellee was ordered to register annually as a sexually oriented offender for ten years.
 {¶ 3} On February 5, 2004, appellee filed a pro se "motion for dismissal of sex offeder [sic] labeling." By Judgment Entry filed March 24, 2004, the trial court granted appellee's motion. In the Entry, the trial court specifically rescinded appellee's designation as a sexually oriented offender and declared that appellee must no longer register as a sexually oriented offender.
 {¶ 4} It is from that Judgment Entry that the appellant appeals, raising the following assignment of error:
 {¶ 5} "Whether, the honorable james henson, judge of the common pleas court of richland county, ohio, had authority to issue its march 24, 2004 judgment entry, rescinding defendant's sex offender designation."
 {¶ 6} In the sole assignment of error, appellant contends that the trial court had no authority to rescind appellee's sexual offender designation. We agree.
 {¶ 7} Appellee pled guilty to two counts of attempted pandering of sexually oriented matter involving a minor, in violation R.C. 2907.322(A)(1). At that time, appellant was determined to be a sexually oriented offender pursuant to R.C.2950.01(D).
 {¶ 8} Subsections (D)(1)(b)(iii) and (D)(1)(g) of R.C.2950.01 state that anyone who is convicted of an attempt to commit pandering of sexually oriented matter involving a minor is a sexually oriented offender. Accordingly, appellant had a duty to comply with the registration requirements imposed on sexual offenders for ten years pursuant to R.C. 2950.07(B)(3).
 {¶ 9} The Revised Code no longer provides a mechanism to rescind a sexual offender designation imposed upon an adult nor to relieve such an offender from his duty to comply with the registration requirements that result from that designation.[1] Thus, the trial court had no authority to rescind the sexual offender designation or relieve appellee of the resulting duty to register as a sex offender pursuant to the Revised Code.
 {¶ 10} Accordingly, appellant's sole assignment of error is sustained.
 {¶ 11} The judgment of the Richland County Court of Common Pleas is reversed. This matter is remanded for further proceedings consistent with this decision.
Edwards, J. Wise, P.J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is reversed and the matter is remanded for further proceedings. Costs assessed to appellee.
[1] Currently, while R.C. 2950.07(B) contains provisions to remove the determination that a delinquent child is a sexual predator, habitual sex offender or sexually oriented offender, it provides no such provision for adults. For example, in regards to juvenile sexually oriented offenders, R.C. 2950.07(B)(3) states as follows: "If a delinquent child is classified pursuant to section 2152.82 or 2152.83 of the Revised Code a juvenile offender registrant and if the judge who made the disposition for the delinquent child or that judge's successor in office subsequently enters a determination pursuant to section 2152.84
or 2152.85 of the Revised Code that the delinquent child no longer is to be classified a juvenile offender registrant, the delinquent child's duty to comply with those sections terminates upon the court's entry of the determination." Previously, R.C.2950.09(D) provided a mechanism for an adult offender to petition a court to make a determination that the offender is no longer a sexual offender. However, that provision was removed when the statute was amended by S.B. 5, eff. 7-31-03. See State v.Shelton, Cuyahoga App. No. 83289, 2004 WL 2306606. Appellant did not petition the court to change his status as a sexual offender until February 5, 2004, after the statute was amended.