**The STATE of Ohio, Appellant,**

v.

**LEFTRIDGE, Appellee.**

[Cite as *State v. Leftridge,* 174 Ohio App.3d 314, 2007-Ohio-6807.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 89397.

Decided Dec. 20, 2007.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Sean Jones and Pamela Bolton, Assistant Prosecuting Attorneys, for appellant.

Jocelyn Conwell and Michael L. Belcher, for appellee.

MARY EILEEN KILBANE, Judge.

{¶ 1} The state of Ohio appeals from the trial court's decision reclassifying Allen Leftridge from a sexual predator to a sexually oriented offender. The state argues that the trial court lacked jurisdiction, and the doctrine of res judicata barred Leftridge's arguments. For the following reasons, we reverse the decision of the trial court.

{¶ 2} On August 26, 1993, a Cuyahoga County grand jury indicted Leftridge with three counts of sexual battery, three counts of corruption of a minor, and

two counts of illegal use of a minor. Prior to trial, the state dismissed the three counts of sexual battery, and the case proceeded to a jury trial on December 7, 1993. The jury returned a verdict of guilty on December 10, 1993, regarding the three counts of corruption of a minor, and not guilty of the two counts of illegal use of a minor. On December 28, 1993, the trial court sentenced Leftridge to a total prison term of six years. Leftridge appealed his conviction and this court affirmed. See *State v. Leftridge* (Dec. 29, 1994), Cuyahoga App. No. 66818, 1994 WL 723712.

{¶ 3} The court held a sexual-predator-classification hearing pursuant to R.C. 2950.09. Based on testimony presented on July 16, 1997, the trial court found Leftridge to be a sexual predator. Leftridge again appealed to this court, which affirmed Leftridge's sexual-predator classification. See *State v. Leftridge* (Apr. 1, 1999), Cuyahoga App. No. 73029, 1999 WL 179482.

{¶ 4} On July 11, 2001, Leftridge filed a petition for redetermination of his sexual-offender status with the trial court, which was heard and denied on June 28, 2001. Subsequently, Leftridge filed an identical motion with the same court five years later on November 21, 2006. The trial court conducted a hearing on December 19, 2006. At the hearing, Leftridge presented testimony concerning his lack of a criminal record, his success after release from prison, and his desire to be rid of the sexual-predator classification. Defense counsel did not present any reports or institutional records for the court's consideration. Additionally, the court psychiatric clinic did not examine Leftridge for purposes of the new hearing.

{¶ 5} On January 9, 2007, the trial court overruled the state's argument that it lacked jurisdiction to conduct a hearing because it concluded that the original trial judge failed to consider all recidivism factors at Leftridge's first H.B. 180 hearing on July 16, 1997. The trial court then classified Leftridge as a sexually oriented offender. The state appeals from this decision, raising a single assignment of error.

The trial court lacked jurisdiction, pursuant to R.C. 2950.09(D)(2), to hold a sexual offender classification hearing.

{¶ 6} R.C. 2950.09(D)(2) provides as follows:

If an offender who has been convicted of or pleaded guilty to a sexually oriented offense is classified a sexual predator pursuant to division (A) of this section or has been adjudicated a sexual predator relative to the offense as described in division (B) or (C) of this section, subject to division (F) of this section, the classification or adjudication of the offender as a sexual predator is permanent and continues in effect until the offender's death and in no case shall the classification or adjudication be removed or terminated.

{¶ 7} Previously, R.C. 2950.09(D) provided a mechanism for an adult offender to petition a court to remove a sexual-predator classification and the obligations attendant thereto. However, the General Assembly removed that provision when it amended the statute by S.B. No. 5, effective July 31, 2003. *State v. Turner*, Richland App. No. 2004–CA–36, 2004-Ohio-6573, 2004 WL 2813049; *State v. Shelton*, Cuyahoga App. No. 83289, 2004-Ohio-5484, 2004 WL 2306606. In addition, this court has previously held that R.C. 2950.01 et seq. does not violate the prohibition against ex post facto laws. *State v. Butler*, Cuyahoga App. No. 86554, 2006-Ohio-4492, 2006 WL 2507564.

{¶ 8} In the present case, Leftridge did not file his petition for redetermination of sexual offender status until November 21, 2006, three years after the passage of S.B. 5. Therefore, the state is correct that the trial court was without jurisdiction to modify Leftridge's sexual offender status. See *Turner, Shelton,* and *Butler,* supra.

{¶ 9} In addition, the fact that Leftridge filed a previous petition for redetermination of sexual-offender status on June 11, 2001, which was denied by the same trial court, is irrelevant. Former R.C. 2950.09, which allowed petitioners to request removal of a sexual-predator classification, and which was in place prior to July 31, 2003, does not apply to his current redetermination petition. Leftridge's counsel argues that the application of the former statute without providing this court with any authority in support of its application. While Leftridge may have had the opportunity to petition for removal of his sexual-predator classification prior to July 31, 2003, the law is clear: he may no longer petition for that relief.

{¶ 10} Moreover, Leftridge did move for redetermination of his sexual-predator classification and relief was denied. Finally, Leftridge appealed from his original sexual-predator classification, and this court affirmed. See *Leftridge,* supra.

{¶ 11} Accordingly, we hold that the trial court violated R.C. 2950.09(D)(2) when it modified Leftridge's sexual-offender status from sexual predator to sexually oriented offender.

{¶ 12} The judgment of the trial court is reversed, and the matter is remanded for proceedings consistent with this opinion.

*Judgment accordingly.*

CALABRESE, P.J., and ROCCO, J., concur.