[Cite as *State v. Sheriff*, 2012-Ohio-656.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  8-11-14

    v.

JAMES A. SHERIFF,                    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 07 06 0122

**Judgment Affirmed**

Date of Decision:   February 21, 2012

APPEARANCES:

    *James A. Sheriff,* Appellant

    *William T. Goslee and Daniel J. LaRoche*  for Appellee

**SHAW, P.J.**

{¶1} Defendant-appellant James A. Sheriff ("Sheriff") appeals the August 3, 2011 judgment of the Logan County Court of Common Pleas resentencing and reclassifying him as a sexually oriented offender under the law in effect at the time he committed his offenses of sexual battery pursuant to the holding in *State v. Williams*, 129 Ohio St. 3d 344, 2011-Ohio-3374.

{¶2} On September 11, 2007, Sheriff was indicted on two counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04, felonies of the third degree, and three counts of sexual battery, in violation of R.C. 2907.03(A)(5), also felonies of the third degree. On September 21, 2007, Sheriff was arraigned and pled not guilty to all five counts.

{¶3} On January 10, 2008, a jury trial commenced. On January 11, 2008, the jury returned a verdict of not guilty on both counts of unlawful sexual conduct with a minor and one count of sexual battery. However, the jury found Sheriff guilty on the remaining two counts of sexual battery.

{¶4} On February 25, 2008, Sheriff was sentenced to three years in prison on each count of sexual battery, to be served concurrently. The trial court also classified Sheriff as a Tier III sexual offender.

{¶5} Sheriff appealed and on October 6, 2008, this Court affirmed Sheriff's conviction and sentence. At the time, Sheriff was released on bond pending the

outcome of his appeal. However, after the release of this Court's opinion, the trial court revoked Sheriff's bond and remanded him into the care and custody of the Ohio Department of Rehabilitation for the execution of his sentence.

{¶6} On June 24, 2011, Sheriff filed a "Request to Remove Classification," arguing that the trial court erred in classifying him as Tier III sexual offender. Specifically, Sheriff asserted that S.B. 10, Ohio's version of the Adam Walsh Act ("AWA"), is unconstitutional and that the trial court lacked jurisdiction to classify him as a Tier III sexual offender under that law.

{¶7} On July 11, 2011, the trial court held a hearing on Sheriff's "Request to Remove Classification."

{¶8} On July 13, 2011, the Supreme Court of Ohio issued its decision in *State v. Williams*, 129 Ohio St. 3d 344, 2011-Ohio-3374, in which it concluded that S.B. 10 cannot be applied retroactively to offenders who committed their offense prior to the enactment of the law on January 1, 2008. Accordingly, the Court in *Williams* held that those offenders must be resentenced under the law in effect at the time the offense for which they were convicted was committed.

{¶9} On July 14, 2011, the trial court issued its decision on Sheriff's "Request to Remove Classification." Based on the holding of the Supreme Court in *Williams*, the trial court concluded that Sheriff must be resentenced under S.B. 5, Ohio's version of "Megan's Law," which was the law in effect at the time

Sheriff committed his sexual battery offenses. Therefore, the trial court granted Sheriff's "Request to Remove Classification" and ordered that he be resentenced under S.B. 5.

{¶10} On August 1, 2011, the trial court held a hearing on the matter. On August 3, 2011, the trial court issued its Judgment Entry resentencing Sheriff under S.B. 5 and reclassifying him as a "sexually oriented offender."

{¶11} Sheriff subsequently filed this appeal pro se, asserting the following assignment of error.

> **THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION WHEN IT DID NOT REMOVE FULLY DEFENDANT'S [SIC] JAMES SHERIFF [SIC] CLASSIFICATION AND REGISTRATIONAL [SIC] REQUIREMENTS AS REQUIRED BY LAW AND IN DOING SO CREATED PREJUDICE TO THE DEFENDANT.**

{¶12} In his sole assignment of error, Sheriff contends that the trial court erred when it failed to completely remove his classification and registration requirements for his conviction on two counts of sexual battery. In particular, Sheriff argues that he "is entitled to the benefit of no classification or categorization of any sort due to not being placed on the proper classification in the first place." (Appt. Brief at 6). Notably, Sheriff cites no authority that supports his contention, but rather, he completely overlooks the holding in *State v. Williams*, 129 Ohio St. 3d 344, 2011-Ohio-3374, which is dispositive to this issue.

**{¶13}** The facts in Sheriff's case are similar to the ones in *Williams.* In that case, Williams was indicted in 2007 for one count of unlawful sexual conduct with a minor. *Williams* at ¶1. At the time Williams committed the offenses S.B. 5 ("Megan's Law") was the sentencing law in effect for sex offenses. Williams eventually pled guilty to the charge and was sentenced under S.B. 10 ("AWA"), which repealed and superseded S.B. 5, and was the new law in effect at the time of his sentencing.[1] *Id.* at ¶¶ 1-2. As a result, the trial court classified Williams as a Tier II sexual offender under the provisions of S.B. 10. *Id.* at ¶ 3.

**{¶14}** Williams appealed, asserting that the provisions of S.B. 10 cannot constitutionally be applied retroactively to a defendant whose offense occurred prior to the effective date of that statute. *Williams* at ¶4. The Supreme Court agreed, concluding "that S.B. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id.* ¶ 21. The Supreme Court then reversed the prior judgment sentencing and classifying Williams as a Tier II sexual offender under S.B. 10, "and *remand[ed] the cause for resentencing under the law in effect at the time Williams committed the offense*." *Id.* at ¶ 23 (emphasis added).

---

[1] Revised Code Section 2950.03, a component of S.B. 10, imposes registration requirements for offenders sentenced on or after January 1, 2008, regardless of when the offense was committed.

**{¶15}** We believe that the Supreme Court in *Williams* squarely addressed the issue raised by Sheriff on appeal. Because Sheriff *committed* the offenses for which he was convicted *prior* to January 1, 2008, the effective date of S.B. 10, he must be sentenced under the law in effect at the time the offenses were committed—i.e., S.B. 5. Consequently, the trial court properly determined that Sheriff is not subject to the Tier III sexual offender classification under S.B. 10, and that he had to be resentenced and reclassified under the provisions of S.B. 5. After conducting a hearing pursuant to the procedures set forth in S.B. 5, the trial court determined that it was appropriate to classify Sheriff as a "sexually oriented offender," which requires him to register with the Sheriff in the county in which he resides for a period of ten years.

**{¶16}** We note that Sheriff's reclassification subjects him to the much less restrictive requirements of S.B. 5. Under that statutory scheme, the offender is entitled to a hearing where the trial court determines whether he should be classified as a sexual predator, a habitual sex offender or a habitual child-victim offender, or a sexually oriented offender. In making this determination, the trial court considers various factors and exercises its discretion in classifying the offender. *See* former R.C. 2950.09.

**{¶17}** Under S.B. 10, the offender is classified according to a three tiered system based solely on the offense committed by the offender. As a result, the

trial court no longer has any discretion to consider factors like the circumstances of the crime or the offender's likelihood to reoffend when imposing the classification on the offender. *See* R.C. 2950.01(E), (F), and (G). In addition, the registration and community notification requirements for offenders under S.B. 10 are now far more restrictive and demanding than those under S.B. 5. Accordingly, we fail to see how Sheriff is prejudiced by being reclassified under the less stringent statutory scheme of S.B. 5.

{¶18} For all these reasons, we find no error in the trial court's decision to reclassify Sheriff as a sexually oriented offender under S.B. 5. Sheriff's assignment of error is therefore overruled and the judgment of the trial court is affirmed.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**