[Cite as *State v. Johnson*, 2013-Ohio-136.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 16-11-05

      v.

RICKEY ALAN JOHNSON,            O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 16-11-06

      v.

RICKEY ALAN JOHNSON,            O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Wyandot County Common Pleas Court**
**Trial Court Nos. 10-CR-0048 and 11-CR-0006**

**Judgments Reversed and Cause Remanded**

**Date of Decision: January 22, 2013**

APPEARANCES:

    *Melissa M. Prendergast* for Appellant

    *Jonathan K. Miller* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant Rickey A. Johnson ("Johnson") appeals the June 16, 2011, judgment of the Wyandot County Common Pleas Court classifying him as a Tier III sexual offender pursuant to the Adam Walsh Act ("AWA") and the June 16, 2011, sentencing entry imposing court costs upon him. For the reasons that follow, we reverse the judgments of the trial court.

{¶2} Johnson pled guilty to three counts of Sexual Battery, in violation of R.C. 2907.03(A)(5), all felonies of the third degree. All of the violations were alleged to have occurred prior to the enactment of the AWA in 2008. As to one of the three counts, Johnson stipulated that the conduct occurred after July 1996.

{¶3} On June 15, 2011, a hearing was held wherein Johnson's sex offender classification was determined. The court determined that under the AWA, Johnson should be classified as a Tier III sexual offender. Following the classification hearing, on that same date, the court proceeded to a sentencing hearing wherein Johnson was sentenced to five years in prison on each of the three counts of Sexual Battery, with those prison sentences to be served consecutively for an aggregate prison term of fifteen years.

{¶4} On June 16, 2011, the trial court filed a judgment entry reflecting the sex offender classification. Also on June 16, 2011, the trial court filed its judgment entry on sentencing. The judgment entry on sentencing reflected the

sentence imposed at the hearing, with the exception that court costs were imposed upon Johnson in the judgment entry.

{¶5} It is from these June 16, 2011 judgments that Johnson appeals, asserting the following assignments of error for our review.

**ASSIGNMENT OF ERROR 1**
**THE TRIAL COURT ERRED WHEN IT CLASSIFIED MR. JOHNSON AS A TIER III OFFENDER UNDER THE PROVISIONS OF THE ADAM WALSH ACT.**

**ASSIGNMENT OF ERROR 2**
**THE TRIAL COURT ERRED WHEN IT FAILED TO ADDRESS THE IMPOSITION OF COURT COSTS IN OPEN COURT, BUT INCLUDED SUCH COSTS IN THE SENTENCING ENTRY.**

*First Assignment of Error*

{¶6} In Johnson's first assignment of error, Johnson argues that the trial court erred in classifying him as a Tier III sex offender under the provisions of the AWA. Specifically, Johnson argues that his offenses were committed prior to the enactment of the AWA, and therefore pursuant to the Ohio Supreme Court's decision in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, and this Court's decision in *State v. Sheriff*, 3d Dist. No. 8-11-14, 2012-Ohio-656, he should have been classified according to the statutory scheme in place at the time of his offense.

{¶7} In *Williams*, the Ohio Supreme Court held that "2007 Am.Sub.S.B. No. 10, [the AWA] as applied to defendants who committed sex offenses prior to

its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Williams*, at syllabus; *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, ¶ 25. *Accord Sheriff*, *supra*, at ¶ 15. According to *Williams*, defendants whose crimes were committed prior to the AWA's enactment should have been classified according to the statutory scheme in place at the time they committed their crimes, even if they were sentenced after the enactment of the AWA. *Id.*; *Id.*

{¶8} In this case, there is no dispute that Johnson was sentenced after the enactment of the AWA. However, Johnson argues, and the State concedes in its brief to this court, that Johnson's crimes occurred prior to the enactment of the AWA. Therefore, pursuant to *Williams*, and our holding in *Sheriff*, Johnson would have to be classified according to the statutory scheme in place at the time of his offenses, Megan's Law. *Williams*, *supra*, at ¶ 25; *Sheriff*, *supra*, at ¶ 15. *See also State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, for a detailed analysis of Ohio's sexual offender classification schemes, Megan's Law and the AWA.

{¶9} Based on the foregoing information supported in the record and conceded by the State in its brief, we sustain Johnson's first assignment of error. The remedy for improper classification is to remand the matter to the trial court for a classification hearing in accordance with the law in effect at the time the

-4-

offenses were committed. *State v. Dillon*, 5th Dist. No. CT11-0062, 2012-Ohio-773, ¶ 19.

{**¶10**} Accordingly, the first assignment of error is sustained.

*Second Assignment of Error*

{**¶11**} In Johnson's second assignment of error, he argues that the trial court erred by imposing court costs upon him in the June 16, 2011 sentencing entry when the court had not addressed court costs in open court at the sentencing hearing.

{**¶12**} In *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, the Supreme Court held that it is reversible error under Crim.R. 43(A) for the trial court to impose costs in its sentencing entry when it did not impose those costs in open court at the sentencing hearing. *Id*. at ¶ 22. The Court reasoned that the defendant was denied the opportunity to claim indigency and to seek a waiver of the payment of court costs before the trial court because the trial court did not mention costs at the sentencing hearing. *Id*. at ¶ 22. The remedy in such a situation is a limited remand to the trial court for the defendant to seek a waiver of court costs. *Id*. at ¶ 23; *State v. Mays*, 2d Dist. No. 24168, 2012-Ohio-838, ¶ 17.

{**¶13**} In this case, the trial court imposed costs to Johnson in its judgment entry on sentencing. A review of the June 15, 2011 sentencing hearing transcript indicates that the trial court did not address costs in open court. The State

concedes this fact in its brief. Accordingly, based upon *Joseph*, Johnson's second assignment of error is sustained.

{¶14} For the foregoing reasons the judgments of the Wyandot County Common Pleas Court are reversed and remanded for a sexual offender classification hearing and a limited resentencing hearing so that court costs may be addressed in open court.

*Judgments Reversed and*
*Cause Remanded*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**