[Cite as *State v. Stauffer*, 2016-Ohio-159.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLANT,                CASE NO. 2-15-09

    v.

ROGER J. STAUFFER,                O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2006-CR-0040

Judgment Reversed and Cause Remanded

Date of Decision:   January 19, 2016

APPEARANCES:

    *Edwin A. Pierce* for Appellant

    *Joseph A. Benavidez* for Appellee

**PRESTON, J.**

{¶1} Plaintiff-appellant, the State of Ohio, appeals the May 5, 2015 judgment entry of the Auglaize County Court of Common Pleas granting defendant-appellee's, Roger J. Stauffer ("Stauffer"), Civ.R. 60(B) motion for relief from judgment, vacating the trial court's previous judgment classifying Stauffer a sexual predator, and classifying Stauffer a sexually oriented offender. For the reasons that follow, we reverse.

{¶2} Under a negotiated plea agreement, Stauffer waived prosecution by indictment, and the State, on March 8, 2006, filed a bill of information charging Stauffer with Count One of attempted pandering obscenity involving a minor in violation of R.C. 2923.02(A) and 2907.321(A)(1), a third-degree felony, and Count Two of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(5), a fourth-degree felony. (Doc. Nos. 8, 7, 1). The alleged events giving rise to the bill of information took place between March 8, 2004 and August 31, 2005. (*See* Doc. No. 1). Stauffer agreed to and, on March 8, 2006, did plead guilty to the two counts in the bill of information. (Doc. Nos. 8, 9). The trial court found Stauffer guilty of Counts One and Two. (Doc. No. 9). Also under the plea agreement, Stauffer "stipulate[d] to findings of sexual predator status." (Doc. No. 8).

{¶3} On May 1, 2006, the trial court held a sexual-offender classification hearing and classified Stauffer a sexual predator. (Doc. Nos. 23, 70). The trial

court also held a sentencing hearing that day, at which it sentenced Stauffer to five years of community-control sanctions. (*Id.*). The trial court filed its judgment entry of sexual-predator classification and sentence on May 1, 2006, followed by a nunc pro tunc entry on May 5, 2010. (*Id.*).

{¶4} On March 27, 2015, Stauffer filed a Civ.R. 60(B) motion for relief from judgment, requesting "that his classification as a sexual offender be modified from a sexual predator finding." (Doc. No. 80). On April 30, 2015, the trial court held a hearing on Stauffer's Civ.R. 60(B) motion. (*See* Apr. 30, 2015 Tr. at 3).

{¶5} On May 5, 2015, the trial court filed a judgment entry granting Stauffer's Civ.R. 60(B) motion. (Doc. No. 87). Specifically, the trial court vacated its previous judgment classifying Stauffer a sexual predator and classified him a sexually oriented offender. (*Id.*).

{¶6} The State filed a notice of appeal on June 2, 2015. (Doc. No. 92). It raises one assignment of error for our review.

### Assignment of Error

**The trial court erred as a matter of law when it granted defendant/appellee's Civil Rule 60(B) motion to reclassify defendant/appellee's sex offender registration status in contravention of Ohio Revised Code §2950.09(D)(2), effective July 31, 2003.**

{¶7} In its assignment of error, the State argues that the version of R.C. 2950.09(D)(2) in effect at the time Stauffer committed the offenses and was classified a sexual predator prohibits the trial court's removal of Stauffer's sexual-

predator classification. Therefore, the State argues, the trial court lacked the authority to remove Stauffer's sexual-predator classification and reclassify him a sexually oriented offender. The State does not offer an alternative argument concerning the merits of the trial court's determination under Civ.R. 60(B). Accordingly, the sole issue before us is whether the trial court had the authority to remove Stauffer's sexual-predator classification and reclassify him a sexually oriented offender. We conclude that it did not.

{¶8} The history of sexual-offender laws in Ohio is well-documented. *See State v. Blankenship*, ___ Ohio St.3d ___, 2015-Ohio-4624, ¶ 9, citing *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, ¶ 3-28. Relevant to this case, R.C. 2950.09(D)(2) went into effect on July 31, 2003 as part of Am.Sub.S.B. No. 5 ("S.B. 5"), which amended R.C. Chapter 2950, the Sexual Offender Registration and Notification Law, also known as Megan's Law. *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, ¶ 1, 20; *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, ¶ 37. That version of R.C. 2950.09(D)(2), which was in effect at the time Stauffer committed the offenses and was classified a sexual predator, provided, in relevant part:

> If an offender who has been convicted of or pleaded guilty to a
> sexually oriented offense is classified a sexual predator pursuant to
> division (A) of this section or has been adjudicated a sexual predator
> relative to the offense as described in division (B) or (C) of this

section, * * * the classification or adjudication of the offender as a sexual predator is permanent and continues in effect until the offender's death and in no case shall the classification or adjudication be removed or terminated.

R.C. 2950.09(D)(2) (2004-2006).[1]  Under that version of R.C. 2950.09(D)(2), "if an offender is classified as a sexual predator, the classification remains permanent, except in limited circumstances."[2]  *Ferguson* at ¶ 20, citing former R.C. 2950.09(D)(2) and (F), 150 Ohio Laws, Part IV, at 6698, 6701-6702.  R.C. 2950.09(D)(2) was repealed effective January 1, 2008 by Am.Sub.S.B. No. 10. *See State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, ¶ 15.

{¶9} We first address whether the version of R.C. 2950.09(D)(2) in effect at the time Stauffer committed the offenses and was classified a sexual predator applies in this case.  In *State v. Brunning*, the Supreme Court of Ohio held that "the repeal of Megan's Law is invalid as it affects offenders originally classified under Megan's Law" and that those offenders "had a continuing duty to comply with Megan's Law requirements."  134 Ohio St.3d 438, 2012-Ohio-5752, ¶ 22. Accordingly, the version of R.C. Chapter 2950 in effect at the time Stauffer committed the underlying offenses remains in effect as to Stauffer.  *See id.  See*

---

[1] Division (A) and Divisions (B) and (C) of R.C. 2950.09 concern the manner in which the offender is classified or adjudicated, respectively, a sexual predator.  The manner in which Stauffer was classified or adjudicated a sexual predator is not at issue in this appeal.

[2] The "limited circumstances" set forth in former R.C. 2950.09(F), to which the Supreme Court of Ohio refers in *Ferguson*, concern offenders who were classified sexual predators outside the state of Ohio.  *See State v. Forsythe*, 5th Dist. Stark No. 2012CA00225, 2013-Ohio-3301, ¶ 17-18.  Those "limited circumstances" do not apply in this case.

*also State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, ¶ 14-17, citing *Bodyke* at ¶ 66, *State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, ¶ 8, and *William* at ¶ 23; *State v. Martin*, 3d Dist. Mercer No. 10-14-12, 2015-Ohio-1339, ¶ 11. Therefore, former R.C. 2950.09(D)(2), which provides that the sexual-predator classification "is permanent and continues in effect until the offender's death," remains in effect as to Stauffer. *See Brunning* at ¶ 22; *Howard* at ¶ 14-17. *See also Ferguson* at ¶ 20 ("[C]lassification as a sexual predator is unalterable under S.B. 5. * * * Pursuant to the S.B. 5 provisions, if an offender is classified as a sexual predator, the classification remains permanent, except in limited circumstances. See former R.C. 2950.09(D)(2) and (F). 150 Ohio Laws, Part IV, at 6698, 6701-6702."); *State v. Johnson*, 10th Dist. Franklin No. 13AP-549, 2013-Ohio-4990, ¶ 7 ("[T]he entry [classifying the defendant a sexually oriented offender] is contrary to law since * * * no statutory authority exists to support the alteration of a classification as a sexual predator in this instance."), citing former R.C. 2950.09(D)(2) and (F) and *Ferguson* at ¶ 20.

{¶10} In this case, given that the applicable version of R.C. 2950.09(D)(2) prohibits the removal or termination of a sexual-predator classification, but for certain limited circumstances that do not apply here, the trial court lacked authority to remove Stauffer's sexual-predator classification and, therefore, erred by doing so. *See State v. Leftridge*, 174 Ohio App.3d 314, 2007-Ohio-6807, ¶ 8 (8th Dist.) (holding that, based on R.C. 2950.09(D)(2)'s prohibition against

removing or terminating a sexual-predator classification, "the trial court was without jurisdiction to modify Leftridge's sexual offender status"); *State v. Turner*, 5th Dist. Richland No. 2004-CA-36, 2004-Ohio-6573, ¶ 9 (concluding that, because "[t]he Revised Code no longer provides a mechanism to rescind a sexual offender designation imposed upon an adult nor to relieve such an offender from his duty to comply with the registration requirements that result from that designation," "the trial court had no authority to rescind the sexual offender designation or relieve appellee of the resulting duty to register as a sex offender pursuant to the Revised Code").

{¶11} The State's assignment of error is sustained.

{¶12} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**SHAW, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**