[Cite as *State v. Lechuga*, 2019-Ohio-3425.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                 CASE NO. 11-19-04

v.

RUDOLFO LECHUGA,                      O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Paulding County Common Pleas Court
Trial Court No. CR-97-515

Judgment Reversed and Cause Remanded

Date of Decision: August 26, 2019

APPEARANCES:

    *Timothy C. Holtsberry* for Appellant

    *Joseph R. Burkard* for Appellee

**SHAW, J.**

**{¶1}** Defendant-Appellant, Rudolfo Lechuga ("Lechuga") appeals the April 2, 2019 judgment of the Paulding County Court of Common Pleas overruling his Motion for Reclassification to change his sex offender classification under the Adam Wash Act ("AWA"). On appeal, Lechuga claims he was never given notice of his sex offender reclassification from "Megan's Law" to the AWA, and therefore could not properly challenge the reclassification by requesting a hearing under R.C. 2950.031(E) within 60 days.

*Procedural History*

**{¶2}** On July 24, 1997, Lechuga was found guilty of committing one count of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(1), a felony of the fourth degree. Lechuga was classified as a sexual predator and ordered to comply with the sex offender registration requirements under Megan's Law. Lechuga was also sentenced to a non-mandatory term of seventeen months in prison.

**{¶3}** On January 28, 2019, Lechuga filed a "Motion for Reclassification" under R.C. 2950.031(E) claiming that he had been improperly reclassified as a Tier III sex offender under the AWA. Lechuga requested a hearing on his motion. The State filed a response opposing the motion.

**{¶4}** On April 2, 2019, the trial court issued a judgment entry overruling the motion. Specifically, the trial court stated the following in its judgment entry:

> **Upon review of the Motion and Response and the court file, the Court finds that the Defendant was convicted of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(1), a felony of the fourth degree, on or about July 23, 1997. At that time, the court classified him as a sexual predator. Following the passage of the Adam Walsh Act and presumably in accordance with R.C. 2950.031, he was classified as a Tier III sex offender.**
>
> **The Defendant is classified as a Tier III offender based upon his prior designation as a sexual predator. The court notes, however, that if this Defendant were convicted of the same offense when the Adam Walsh Act was in place, it appears that he may have been classified as a Tier I offender due to his conviction under R.C. 2907.05(A)(1). R.C. 2950.031(E) provides that a reclassified offender may request a hearing with the Court to challenge his or her reclassification by filing a petition with the court within sixty (60) days after receiving the registered letter from the attorney general. There is no evidence in the present case that the Defendant requested such a hearing.**
>
> **Upon due consideration and for good cause shown, this Court sees no provision in the statute, beyond the (60) day window referenced above, that would allow the court to reclassify this Defendant following an initial classification by the Court and a reclassification after the passage of the Adam Walsh Act.**
>
> **Upon due consideration and for good cause shown, the Court ORDERS that Defendant's Motion for Reclassification is overruled.**

(Doc. No. 27).

{¶5} Lechuga filed this appeal, asserting the following assignment of error.

> **THE TRIAL COURT'S DENIAL OF THE RECLASSIFICATION PETITION IS NOT COMPLIANT WITH R.C. CHAPTER 2950.**

{¶6} In his sole assignment of error, Lechuga claims that the trial court erred when it overruled his petition for a reclassification hearing under R.C. 2905.031(E).

*Relevant Legal Background*

{¶7} In 1996, the General Assembly "created Ohio's first comprehensive registration and classification system for sex offenders," commonly known as Megan's Law. *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, ¶ 7. "Under Megan's Law, sex offenders fell into one of three classifications, sexually oriented offenders, habitual sexual offenders, or sexual predators, based upon the crime committed *and* the findings made by the trial court at a sexual-classification hearing." *State v. Hazlett*, 191 Ohio App.3d 105, 2010-Ohio-6119, ¶ 3 (10th Dist.) (emphasis added).

{¶8} In 2007, Megan's Law was replaced with the AWA, which set forth a "tier system" that automatically classified sex offenders according to their crime. *Bodyke* at ¶ 18. Unlike sex offender classifications under Megan's Law, AWA assigns sex offenders to one of three tiers *based solely on the offense of conviction with no consideration of the offenders' risk to the community or likelihood of reoffending*. *State v. Rodgers*, 5th Dist. Stark No. 2009-CA-00177, 2010-Ohio-140, ¶ 5.

{¶9} As originally enacted, the AWA included an automatic reclassification scheme that would have retroactively applied to offenders previously classified

under Megan's Law. *See* R.C. 2950.031. The scheme required the Attorney General to "determine for each offender" what "new classification" under the AWA's tier system applied to each offender that had previously been classified under Megan's Law. R.C. 2950.031(A)(1). After the reclassification, the Attorney General was to notify the offender of the new classification by registered mail. R.C. 2950.031(A)(2).

{¶10} The AWA also included a process for offenders to file a petition challenging the Attorney General's reclassification:

> **An offender or delinquent child who is in a category described in division (A)(2) or (B) of this section may request as a matter of right a court hearing to contest the application to the offender or delinquent child of the new registration requirements under Chapter 2950 of the Revised Code as it will exist under the changes that will be implemented on January 1, 2008. The offender or delinquent child may contest the manner in which the letter sent to the offender or delinquent child pursuant to division (A) or (B) of this section specifies that the new registration requirements apply to the offender or delinquent child or may contest whether those new registration requirements apply at all to the offender or delinquent child. To request the hearing, the offender or delinquent child not later than the date that is sixty days after the offender or delinquent child received the registered letter sent by the attorney general pursuant to division (A)(2) of this section shall file a petition with the court specified in this division.**
>
> \* \* \*
>
> **If at the conclusion of the hearing the court finds that the offender or delinquent child has proven by clear and convincing evidence that the new registration requirements do not apply to the offender or delinquent child, the court shall issue an order that specifies that the new registration requirements do not apply to the offender or delinquent child.**

R.C. 2950.031(E).

{¶11} After the passage of the AWA, the Supreme Court of Ohio held that the AWA's reclassification provision violated the separation-of-powers doctrine because it "vest[ed] the executive branch with authority to review judicial decisions, and it interfere[d] with the judicial power by requiring the reopening of final judgments" that had previously classified offenders under Megan's Law. *Bodyke* at ¶ 55. Consequently, the Supreme Court declared the offending portions of the AWA to be unconstitutional and severed those provisions from the Act. *Id.* at ¶ 66. Notably, the Supreme Court left intact the petition process set forth in R.C. 2950.031(E). *See State v. Palmer*, 131 Ohio St. 3d 278, 280, 2012-Ohio-580, ¶ 15.

{¶12} In a subsequent decision, the Supreme Court of Ohio held that application of the AWA to defendants who had committed their offenses before its enactment violated the prohibition on passing retroactive laws in Article II, Section 28, of the Ohio Constitution. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, paragraph one of the syllabus. Specifically, the Supreme Court determined that the retroactive application of the AWA registration burdens was unconstitutional and as a result, the offender could only be classified according to the laws in effect during the time of his crimes. *Id.* at ¶ 21; *see also*, *State v. Sheriff*, 3d Dist. No. 8-11-14, 2012-Ohio-656, ¶ 14.

*Discussion*

**{¶13}** Turning now to the issue raised in the case *sub judice*. As the basis for filing the petition for a hearing on his sex offender classification, Lechuga claims he "is classified as a Tier III [sex offender], due to the sole label under the old law that Defendant was a sexual predator." (Doc. No. 24). It appears from the record that Lechuga believes that this alleged "reclassification" was erroneous because the offense for which he was convicted would require him to be classified as a Tier I sex offender under the AWA. Lechuga maintains his registration requirements would have ceased in 2012, if he were "properly" reclassified as a Tier I sex offender.

**{¶14}** However, as previously mentioned, the Supreme Court held in *Williams* that the AWA does not apply to offenders, such as Lechuga, who had committed their offenses before its enactment. *State v. Williams*, *supra*, 2011-Ohio-3374, paragraph one of the syllabus. Rather, Lechuga must be classified according to the laws in effect during the time of his crime, which in this case is Megan's Law. *Id*. at ¶ 21. Incidental to the issue raised on appeal, we note that former R.C. 2950.09(D) under Megan's Law provided a mechanism for an adult offender to petition a court to make a determination that the offender is no longer a sexual predator. However, that provision was removed when the statute was amended by S.B. 5, eff. 7-31-03, stating that "the classification or adjudication of the offender

as a sexual predator is permanent and continues in effect until the offender's death and in no case shall the classification or adjudication be removed or terminated." R.C. 2950.09(D)(2). *See also*, *State v. Stauffer*, 3d Dist. Auglaize No. 2-15-09, 2016-Ohio-159.

{¶15} This notwithstanding, in reviewing the record there is *no evidence* that Lechuga is currently reclassified under the AWA, aside from his unsupported assertion in his motion. Accordingly, we conclude it was error for the trial court to make the specific finding in its judgment entry overruling his motion that Lechuga was indeed classified under the AWA when there is no competent, credible evidence in the record to support this finding. On this basis, we reverse the trial court's judgment overruling Lechuga's motion and remand the matter to the trial court for further proceedings consistent with this opinion.

{¶16} For reasons other than those asserted by the appellant, we sustain the assignment of error and the judgment of the trial court is reversed and the cause remanded.

***Judgment Reversed and***
***Cause Remanded***

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**