[Cite as *State v. Bolton*, 2013-Ohio-2467.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99137**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TREVOR BOLTON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-537424

**BEFORE:**   Stewart, A.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:**   June 13, 2013

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square, Suite 1016
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Daniel T. Van
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

**{¶1}** In 2010, a jury found defendant-appellant Trevor Bolton guilty of kidnapping, rape, gross sexual imposition, and having a weapon while under disability. On direct appeal, we found that two of the counts for which Bolton was convicted were allied offenses of similar import that should have merged for sentencing. We also found that Bolton had been improperly classified under the Adam Walsh Act rather than being classified under the former Megan's Law. On remand, the court resentenced Bolton to the same prison term that it had previously imposed. In this appeal, Bolton complains that the court erred by refusing to conduct a de novo resentencing on all counts; that the court was legally barred from imposing consecutive sentences and in any event failed to make the requisite findings for doing so; that the court should have applied statutory changes to reduce Bolton's sentence for having a weapon under disability; and that the court failed to consider Bolton's present circumstances when it resentenced him.

I

**{¶2}** The court originally sentenced Bolton to ten years on the kidnapping charge and ten years on the rape charge, to run concurrently to each other. The court also sentenced Bolton to 18 months on the gross sexual imposition charge and five years on the charge of having a weapon while under disability, to run consecutively to each other and consecutively to the rape and kidnapping charges, for a total of 16 and one-half years in prison. We affirmed the convictions on direct appeal, *State v. Bolton*, 8th Dist. No.

96385, 2012-Ohio-169, but as relevant to the present appeal concluded that the gross sexual imposition and kidnapping counts were allied offenses that should have merged for sentencing. *Id*. at ¶ 97. We also found that Bolton was improperly ordered to comply with the sex offender registration provisions of the Adam Walsh Act because he committed his crimes before the effective date of that act. We held that Bolton should have been classified under the provisions of the former Megan's Law. *Id*. at ¶ 103.

{¶3} On remand, Bolton asked the court to conduct a de novo resentencing on all counts. He also argued that he could no longer be sentenced under the former Megan's Law because that statute had been repealed and replaced with the Adam Walsh Act. Finally, and as part of his claimed right to a de novo resentencing, he asked the court to apply new statutory reductions to the weapons disability count.

{¶4} The state opposed a de novo resentencing on grounds that it would exceed the scope of this court's remand. On the allied offenses issue, it elected to have Bolton sentenced on the gross sexual imposition count.

{¶5} The court refused to conduct a de novo resentencing on all counts and limited the proceedings to the allied offenses issue and the sexual offender classification under Megan's Law. The court then reimposed the same sentences it had previously ordered: 10 years on the rape count, 18 months on the gross sexual imposition count, and 5 years on the weapons disability count, all to be served consecutively for a total term of 16 and one-half years. The court also classified Bolton as a sexually-oriented offender with a ten-year, annual registration requirement under Megan's Law.

**{¶6}** We begin at the outset by rejecting Bolton's claim that the court erred by refusing to conduct a de novo resentencing on all counts. In *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, the Supreme Court stated:

> In a remand based only on an allied-offenses sentencing error, the guilty verdicts underlying a defendant's sentences remain the law of the case and are not subject to review. [*State v.*] *Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, at ¶ 26-27. Further, only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review. [*State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824], at paragraph three of the syllabus. *Id*. at ¶ 15.

Under *Wilson*, the court could only resentence Bolton on the gross sexual imposition count because that was the only sentence affected by the remand necessitated by the allied offenses error. Our conclusion that the court could not conduct a de novo resentencing on all counts necessarily dispenses with Bolton's argument that the court erred by failing to consider his present status before resentencing.

**{¶7}** Additionally, the court had no authority to consider whether to resentence Bolton on the weapons disability count based on certain statutory changes to prison terms for third degree felonies under R.C. 2929.14(A)(3)(b). *Wilson* makes it plain that only

those offenses that were the subject of the reversal are subject to resentencing. The weapons disability count was not the subject of our allied offenses reversal, so the court lacked authority to resentence on that count.

### III

{¶8} The court originally classified Bolton under the Adam Walsh Act. On direct appeal, we found this error because Bolton committed his crimes before the effective date of the Adam Walsh Act. We thus held that Bolton should have been classified under Megan's Law. *Bolton, supra*, at ¶ 103. Bolton now argues that the court had no authority on remand to classify him as a sexually-oriented offender under the former Megan's Law because that law had been repealed after the enactment of the Adam Walsh Act. We reject this assertion on authority of *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, which held that a defendant who, like Bolton, committed his sexually oriented offenses prior to the effective date of the Adam Walsh Act, but after the effective date of Megan's Law, would be remanded "for resentencing under the law in effect at the time [he] committed the offense." *Id*. at ¶ 22.

### IV

{¶9} Bolton's final arguments relate to consecutive sentences.

### A

{¶10} Bolton first argues that the court had no authority to order that he serve the weapons disability count consecutive to the other counts. He maintains that former R.C. 2929.41(A) in effect at the time he was sentenced expressly provides that prison terms

must be imposed concurrently unless an express exception applies. Relying on what the courts have construed as a "typographical" error in R.C. 2929.41(A) that did not reflect the H.B. 86 revisions that renumbered former R.C. 2929.14(E)(4) to R.C. 2929.14(C)(4),[1] Bolton claims that R.C. 2929.14(C)(4) was not listed as an exception under R.C. 2929.41(A) so there was no applicable exception to ordering his sentences to be served concurrently.

{¶11} We have repeatedly rejected the argument made by Bolton, finding that "the [former R.C. 2929.41(A)'s] reference to R.C. 2929.14(E) is a typographical error and that the legislature meant to state R.C. 2929.14(C)(4), which concerns making findings prior to imposing a consecutive sentence." *State v. Simonoski*, 8th Dist. No. 98496, 2013-Ohio-1031, ¶ 6; *State v. Walker*, 8th Dist. No. 97648, 2012-Ohio-4274, at fn. 2; *State v. Ryan*, ___ Ohio App.3d ___, 2012-Ohio-5070, 980 N.E.2d 553, ¶ 22 (8th Dist.). So despite the obvious typographical error contained in former R.C. 2929.41(A), the court had the authority to order Bolton's sentences to be served consecutively.

B

{¶12} Even though the court had the authority to impose consecutive sentences, we still must consider whether the court validly imposed consecutive sentences.

---

[1]R.C. 2929.41(A) was amended, effective September 28, 2012, to correct a typographical error and list "division (C) of section 2929.14," the current consecutive sentencing statute, as one of the exceptions to the rule in favor of consecutive sentences. The court sentenced Bolton on September 27, 2012, so the current version of R.C. 2929.41(A) did not apply at that time.

**{¶13}** In *State v. Huber*, 8th Dist. No. 98206, 2012-Ohio-6139, we held that when a court conducts a de novo resentencing on allied offenses, the de novo aspect of resentencing obligates the court to comply with R.C. 2929.14(C)(4), the consecutive sentencing statute, for those counts that are the subject of the remand. *Id*. at ¶ 24. And even though the court was under no obligation to make any findings before ordering consecutive sentences at the time it originally sentenced Bolton, it resentenced Bolton after the effective date of revised R.C. 2929.14(C)(4), so that statute applied. *Id*. at ¶ 25; *State v. Jones*, 8th Dist. No. 98371, 2013-Ohio-489, ¶ 18.

**{¶14}** The court did not make any of the findings required under R.C. 2929.14(C)(4) before ordering consecutive sentences. The state concedes this error. We therefore sustain the fourth assignment of error.

**{¶15}** Judgment affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MELODY J. STEWART, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR