[Cite as *State v. McGlosson*, 2014-Ohio-1321.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2013-05-082 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>3/31/2014 |
| - vs - | : | |
| | : | |
| DAVID S. McGLOSSON, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2010-12-1965

Michael T. Gmoser, Butler County Prosecuting Attorney, Kimberly L. McManus, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

David S. McGlosson, #A646219, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se

**M. POWELL, J.**

{¶ 1} Defendant-appellant, David McGlosson, appeals pro se a decision of the Butler County Court of Common Pleas classifying him as a sexual predator.

{¶ 2} On December 15, 2010, appellant pled guilty to a bill of information which charged him with two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), both third-degree felonies. The charges arose out of appellant's inappropriate sexual contact

with one of his step-daughters when she was under the age of 13. On January 26, 2011, the trial court sentenced appellant to four years on Count I, three years on Count II, and ordered the sentences to be served consecutively for an aggregate sentence of seven years. Appellant was also classified as a Tier II sex offender under S.B. 10, Ohio's version of the Adam Walsh Act (AWA).[1] Appellant did not appeal his convictions or sentence.

{¶ 3} In December 2011, appellant moved the trial court to withdraw his guilty plea. The trial court overruled the motion. Subsequently, we upheld the trial court's denial of appellant's motion to withdraw his guilty plea. *State v. McGlosson*, 12th Dist. Butler No. CA2012-03-057, 2013-Ohio-774.

{¶ 4} On September 21, 2012, appellant filed a petition challenging his sex offender classification under the AWA on the basis of the Ohio Supreme Court's decision in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374.[2] The state agreed with appellant that he was improperly classified as a sex offender under the AWA and that he should be classified under Megan's Law. Accordingly, the trial court held a reclassification hearing on May 15, 2013. During that hearing, the state produced no witnesses but submitted the report of Dr. Bobbie Hopes, a forensic psychologist. Upon reviewing Dr. Hopes' report, the trial court reclassified appellant as a sexual predator under Megan's Law.

{¶ 5} Appellant appeals, raising five assignments of error.

{¶ 6} Assignment of Error No. 1:

---

1. In 1996, the General Assembly enacted Am.Sub.H.B. 180 (Megan's Law), which amended the state's sex offender registration process. Megan's Law became effective in 1997. In 2007, the General Assembly enacted Am.Sub.S.B. 10, which repealed Megan's Law and replaced it with Ohio's version of the Adam Walsh Act. S.B. 10 eliminated the categories of "sexually oriented offender," "habitual sex offender," and "sexual predator" under Megan's Law and replaced them with a three-tier classification system.

2. In *Williams*, the supreme court held that defendants who committed sex offenses prior to the enactment of the AWA cannot be classified under the AWA, but rather, must be classified under the law in effect at the time they committed the sex offenses. *Williams*, 2011-Ohio-3374 at ¶ 22-23. Because appellant committed his sex offenses between 1998 and 2002, he was required to be classified under Megan's Law, and not the AWA.

{¶ 7} WHETHER APPELLANT HAS BEEN DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 8} Appellant first argues he received ineffective assistance of trial counsel because "if not for counsel's erroneous assurances he would not have agreed to the Bill of Information."

{¶ 9} Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. *State v. Dodson*, 12th Dist. Butler No. CA2011-02-034, 2011-Ohio-6347, ¶ 9. Because appellant could have raised the issue relating to his trial counsels' performance in a direct appeal of his convictions and sentence, his argument is barred by res judicata. *See McGlosson*, 2013-Ohio-774.

{¶ 10} Appellant also argues he received ineffective assistance of appellate counsel because his appellate counsel failed to communicate with him and filed a "No Issues" brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) herein. We decline to address this claim of ineffective assistance of appellate counsel while the appeal remains pending. App.R. 26(B); *State v. Doan*, 12th Dist. Clinton No. CA97-12-014, 2000 WL 221963, *18 (Feb. 28, 2000); *State v. Hicks*, 2d Dist. Montgomery No. 22786, 2009-Ohio-2740, ¶ 15 (a claim of ineffective assistance of appellate counsel is not cognizable in the direct appeal in which the alleged ineffective assistance has occurred).

{¶ 11} Finally, appellant argues he received ineffective assistance of counsel during the reclassification hearing because his attorney (1) erroneously argued that H.B. 86 allows a prison reduction for third-degree felony sex offenses, (2) failed to object when the trial court only considered two categories of sex offenders under Megan's Law, and (3) failed to

address appellant's rights under Megan's Law to be properly notified of the reclassification hearing, to testify, to present evidence, to call and examine witnesses, and to cross-examine witnesses.[3]

{¶ 12} In order to establish ineffective assistance of counsel, appellant must show that his trial counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989). With respect to deficiency, appellant must show that his counsel's performance "fell below an objective standard of reasonableness." *Strickland* at 688. Appellant must also overcome the presumption that the challenged action might be considered sound trial strategy. *Id.* at 689. With respect to prejudice, appellant must show there is a reasonable probability that, but for his counsel's unprofessional errors, the outcome of the proceeding would have been different. *Id.* at 694. "A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other." *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000); *State v. Gilbert*, 12th Dist. Butler No. CA2010-09-240, 2011-Ohio-4340, ¶ 73.

{¶ 13} We find that appellant received effective assistance of counsel during the reclassification hearing. First, while trial counsel erroneously argued that H.B. 86 allows a prison reduction for third-degree felony sex offenses, appellant cannot show that but for his counsel's misstatement of the law, the outcome of the reclassification hearing would have been different. The trial court rejected trial counsel's argument that appellant was entitled to a de novo resentencing hearing pursuant to H.B. 86, and solely conducted a reclassification hearing. Thus, appellant was not prejudiced by his counsel's misstatement of the law.

{¶ 14} Nor was appellant prejudiced by his counsel's failure to object when the trial

---

3. On September 30, 2011, the General Assembly enacted 2011 Am.Sub.H.B. No. 86 (H.B. 86) which revised several sentencing statues. *See State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150.

court only considered two categories of sex offenders under Megan's Law, to wit: sexually oriented offender and sexual predator. Under Megan's Law, sex offenders are divided into three categories: sexually oriented offenders, habitual sex offenders, and sexual predators. A "habitual sex offender" is defined as a person who has been convicted of or pleaded guilty to a sexually oriented offense and who previously has been convicted of or pleaded guilty to one or more sexually oriented offenses. *See* former R.C. 2950.01(B). Because appellant has not previously been convicted of or pleaded guilty to a sexually oriented offense, the habitual sex offender category did not apply to him.

{¶ 15} Finally, we find that trial counsel's failure to address appellant's rights during the reclassification hearing does not amount to ineffective assistance of counsel. First, as we discuss in appellant's second assignment of error, the record shows appellant was properly notified of the reclassification hearing.

{¶ 16} Next, with regard to counsel's failure to present evidence and call and examine witnesses, we note that the "decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court." *State v. Johnson*, 12th Dist. Butler No. CA2011-09-169, 2013-Ohio-856, ¶ 32; *State v. Hanna*, 95 Ohio St.3d 285, 2002-Ohio-2221, ¶ 118. We will not question counsel's strategic decision not to call Dr. Hopes as a witness and to rely instead on her report, or the strategic decision not to call other alleged, yet unidentified, witnesses. As this court has consistently stated, even debatable trial tactics and strategies do not constitute ineffective assistance of counsel. *State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, ¶ 41 (12th Dist.); *State v. Davis*, 12th Dist. Butler No. CA2012-12-258, 2013-Ohio-3878, ¶ 22.

{¶ 17} Finally, with regard to appellant's right to testify, the record shows that following counsel's argument to the court, appellant was given the opportunity to speak or present further evidence to the court. Instead of doing so, appellant declined to comment, stating:

"No sir. I think you've covered it," and did not offer any evidence.

{¶ 18} In light of all of the foregoing, appellant's first assignment of error is overruled.

{¶ 19} Assignment of Error No. 2:

{¶ 20} WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO PROVIDE THE MANDATORY NOTICE OF HEARING.

{¶ 21} Appellant seemingly argues he did not receive adequate notice of the reclassification hearing. The record belies appellant's assertion.

{¶ 22} Former R.C. 2950.09 requires a trial court to give an offender notice of the date, time, and location of the classification hearing. In response to appellant's petition challenging his Tier II sex offender classification, the trial court held a hearing on April 12, 2013. During that hearing, both appellant and the state agreed that appellant needed to be reclassified under Megan's Law. At the conclusion of the hearing, the trial court notified the parties that the reclassification hearing would take place in that same courtroom on May 15, 2013, at 8:30 a.m. On May 15, 2013, shortly after 8:30 a.m., the reclassification hearing was held in the courtroom, as scheduled.

{¶ 23} Appellant's second assignment of error is accordingly overruled.

{¶ 24} Assignment of Error No. 3:

{¶ 25} WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY RENDERING APPELLANT A SEXUAL PREDATOR.

{¶ 26} Appellant argues the trial court erred by classifying him as a sexual predator because his "alleged offense[s] of gross sexual imposition [do] not warrant the imposed designation." In addition, Dr. Hopes placed him "in the 'low risk' category" of recidivism.

{¶ 27} A trial court's determination in a sex-offender-classification hearing held pursuant to Megan's Law is reviewed under a manifest-weight-of-the-evidence standard and not an abuse-of-discretion standard. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202,

¶ 32. A determination that a sex offender is a sexual predator must be made by clear and convincing evidence. *Id.* at ¶ 20. Clear and convincing evidence is evidence that "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 28} A sexual predator is a person who has been convicted of, or has pleaded guilty to, committing a sexually-oriented offense and is likely to engage in the future in one or more sexually-oriented offenses. Former R.C. 2950.01(E); *State v. Eppinger*, 91 Ohio St.3d 158, 163 (2001). In determining whether an offender should be classified as a sexual predator, the trial court is required to consider all relevant factors, including, but not limited to, the offender's age, his prior criminal record, the victim's age, whether multiple victims were involved, whether drugs and alcohol were used to impair the victim, whether the offender has a mental illness or mental disability, the nature of the offender's sexual contact with the victim and whether it was part of a pattern of abuse, whether the offender displayed cruelty or made threats of cruelty, and any additional behavioral characteristics that contribute to the offender's conduct. Former R.C. 2950.09(B); *Wilson*, 2007-Ohio-2202 at ¶ 19; *State v. Black*, 12th Dist. Butler No. CA2002-04-082, 2003-Ohio-2115, ¶ 11.

{¶ 29} The trial court "has discretion to determine what weight, if any, it will assign to each factor." *Wilson* at ¶ 19. The trial court is not required to find that the evidence presented supports a majority of the factors listed in former R.C. 2950.09(B). *See State v. Wilson*, 12th Dist. Fayette No. CA99-09-024, 2000 WL 1693493 (Nov. 13, 2000). In fact, the trial court may rely upon one factor more than another, depending upon the circumstances of the case. *See id.*

{¶ 30} We first note that a sex offender convicted of gross sexual imposition can be classified as a sexual predator. *See State v. Donnelly*, 12th Dist. Clermont No. CA98-05-034, 1998 WL 904718 (Dec. 30, 1998) (upholding the trial court's determination that a

defendant was a sexual predator under Megan's Law following his guilty plea to gross sexual imposition).

{¶ 31} We find the trial court's determination that appellant is a sexual predator is supported by clear and convincing evidence in the record, most significantly, Dr. Hopes' report. In determining that appellant was a sexual predator, the trial court noted that although Dr. Hopes found that appellant's risk of recidivism was moderate, several significant factors under former R.C. 2950.09(B) increased his risk of recidivism, to wit: the victim's age (she was under the age of 13 at the time of the offenses); the fact there was a pattern; appellant's lack of empathy for the victim, which would negatively affect his ability to benefit from sexual offender treatment; the fact appellant is denying responsibility despite his previous admission of inappropriate sexual contact with the victim; and the fact appellant displayed cruelty toward the victim by threatening to kill her family and the family dog if she ever told.

{¶ 32} In her report, Dr. Hopes stated that appellant's risk of recidivism under former R.C. 2950.09(B) was increased by the victim's age and a demonstrated pattern of abuse. Dr. Hopes noted that in contrast to appellant's admission he had offended against the victim three or four times, the victim reported a much more extensive pattern of abuse. Dr. Hopes stated that the risk of recidivism was also increased by appellant's display of cruelty toward the victim via his threats to kill the family dog and the victim's family, and his repeated acts of abuse throughout the time he lived with the victim's family. Dr. Hopes further noted that "additional behavioral characteristics" included appellant's callous acts, his continued lack of empathy for the victim, his lack of remorse for his offenses, and the fact he denies responsibility for the offenses.

{¶ 33} Appellant's score on the Static-99, an "actuarial instrument designed to assist in the prediction of sexual and violent recidivism for sex offenders," placed appellant in the low

range of recidivism. Dr. Hopes' report stated that because Static-99 relies on group data, an individual sex offender's risk of recidivism may be higher or lower than the probabilities estimated in the Static-99, depending upon other risk factors not measured by the instrument.

{¶ 34} With regard to appellant, Dr. Hopes concluded that although appellant's score placed him in the low range of recidivism, other factors indicated that this score underrepresented appellant's risk of recidivism. These factors included (1) the lengthy period over which the offenses occurred, (2) appellant's abusive behavior toward the victim, (3) appellant's threats to kill the family dog and the victim's family, (4) appellant's callousness with which he tore the victim's family apart in order to satisfy his sexual desires, and (5) appellant's lack of empathy for the victim and his continued denial regarding his responsibility, despite his admission to the police of inappropriate sexual contact with the victim, his guilty plea and conviction, and his apology for poor judgment at the time of sentencing.

{¶ 35} The circumstances surrounding the offenses also support the conclusion that appellant is a sexual predator. The record shows that appellant, who was then in his mid to late 30s, engaged in sexual conduct with the pre-teenage victim on numerous occasions for four years (the offenses started when the victim was nine years old and ended when she was 12 years old). At the time of the incidents, appellant was dating and living with the victim's mother. He thus held a position of trust and authority over the victim. *See State v. Miller*, 12th Dist. Preble No. CA2006-05-011, 2007-Ohio-784. The record also shows appellant first engaged in a process of grooming the victim by forcing her to take naps with him as soon as she was home from school.

{¶ 36} Given all of the evidence in the record, we find that the trial court did not err in classifying appellant as a sexual predator. Clear and convincing evidence supports the trial

court's decision. Appellant's third assignment of error is accordingly overruled.

{¶ 37} Assignment of Error No. 4:

{¶ 38} WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN ITS FAILURE TO VACATE A VOID JUDGMENT.

{¶ 39} Appellant argues that following the supreme court's decision in *Williams*, 2011-Ohio-3374, his seven-year prison sentence was "void," and thus, the trial court abused its discretion when it did not conduct a de novo resentencing hearing and instead conducted only a reclassification hearing.

{¶ 40} We find that the only part of appellant's sentence that was affected by *Williams* was his erroneous classification as a Tier II sex offender under the AWA. *See State v. Barnes*, 12th Dist. Brown No. CA2010-06-009, 2011-Ohio-5226 (finding that the defendant was improperly classified under the AWA and reversing and remanding the trial court's decision solely on the grounds of sex offender reclassification in accordance with Megan's Law); *State v. Dillon*, 5th Dist. Muskingum No. CT11-0062, 2012-Ohio-773 (same). The trial court therefore did not abuse its discretion when it failed to resentence appellant de novo and when it conducted only a reclassification hearing. *See State v. Bates*, 5th Dist. Guernsey No. 13 CA 9, 2013-Ohio-4768; *State v. Bolton*, 8th Dist. Cuyahoga No. 99137, 2013-Ohio-2467; and *State v. Johnson*, 3d Dist. Wyandot Nos. 16-11-05 and 16-11-06, 2013-Ohio-136.

{¶ 41} Appellant's fourth assignment of error is overruled.

{¶ 42} Assignment of Error No. 5:

{¶ 43} WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO MERGE ALL COUNTS OF THE SAME ANIMUS.

{¶ 44} Appellant argues the trial court erred by failing to merge his gross sexual imposition convictions because the offenses are allied offenses of similar import.

{¶ 45} The time to challenge a conviction based on allied offenses is through a direct appeal. *Dodson*, 2011-Ohio-6347 at ¶ 9. Because appellant did not raise the issue of whether his gross sexual imposition offenses were allied offenses of similar import in a timely direct appeal, we find his argument is barred by res judicata. *Id.*

{¶ 46} Appellant's fifth assignment of error is overruled.

{¶ 47} Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.