[Cite as *State v. Black*, 2019-Ohio-444.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-04-072 |
| | : | O P I N I O N |
| - vs - | | 2/11/2019 |
| | : | |
| ERIC BLACK, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2007-07-1270


Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for appellant


**HENDRICKSON, J.**

{¶ 1} Appellant, Eric Black, appeals from a decision of the Butler County Court of Common Pleas classifying him as a sexual predator. For the reasons set forth below, we affirm the trial court's decision.

{¶ 2} On September 5, 2007, appellant was indicted on two counts of importuning in violation of R.C. 2907.07(A), felonies of the fourth degree; one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree; four counts of rape

in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree; and five counts of compelling prostitution in violation of R.C. 2907.21(A), felonies of the third degree. The charges arose out of allegations that appellant had engaged in sexual contact and conduct with the minor victim, C.W., starting in 1997, when C.W. was six or seven years old and continuing until she was more than ten years old. With respect to the compelling prostitution charges, appellant was alleged to have engaged in sex with the minor victim, C.R., during 2006-2007, while C.R. was 16 years old, each time paying C.R. with cocaine and cash.

{¶ 3} On February 4, 2008, appellant pled guilty to all charges in exchange for the state recommending an agreed ten-year prison sentence. The trial court accepted appellant's plea and imposed the ten-year sentence. The trial court also classified appellant a Tier III sex offender under S.B. 10, Ohio's version of the Adam Walsh Act.[1]

{¶ 4} Appellant directly appealed his conviction and sentence, and his appeal was dismissed pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). *See State v. Black*, 12th Dist. Butler No. CA2008-03-073, 2008-Ohio-6382.

{¶ 5} Thereafter, appellant completed his prison sentence and was released on postrelease control. Shortly after his release, the state filed a motion to conduct a sexual predator hearing and to have appellant reclassified pursuant to Megan's Law, in accordance with this court's decision in *State v Bell*, 12th Dist. Clermont No. CA2015-10-077, 2016-Ohio-7363. The trial court granted the state's motion and ordered appellant to be forensically

---

1. In 1996, the General Assembly enacted Am.Sub.H.B. 180 (Megan's Law), which amended the state's sex offender registration process. Megan's Law became effective in 1997. In 2007, the General Assembly enacted Am.Sub.S.B. 10, which repealed Megan's Law and replaced it with Ohio's version of the Adam Walsh Act (AWA). S.B. 10 eliminated the categories of "sexually oriented offender," "habitual sex offender" and "sexual predator" under Megan's Law and replaced them with a three-tiered classification system. However, in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, the Ohio Supreme Court held that defendants who committed sex offenses prior to the July 1, 2007 enactment of the AWA cannot be classified under the AWA. Rather, the defendants must be classified under the law in effect at the time they committed the sex offenses. *Williams* at ¶ 22-23. As appellant committed his sex offenses over a span of years between May 1997 and March 2007, he was required to be classified under Megan's Law, and not the AWA. *See, e.g., State v. McGlosson*, 12th Dist. Butler No. CA2013-05-082, 2014-Ohio-1321, ¶ 2-4, fn. 1 and 2.

evaluated by Dr. Bobbie Hopes, a forensic psychologist. Appellant was evaluated by Dr. Hopes on February 1, 2018, and Dr. Hopes submitted a written Sex Offender Report to the court.

{¶ 6} A reclassification hearing was held on February 27, 2018. No testimony was presented at the hearing. However, pursuant to a stipulation by the parties, Dr. Hopes' report was admitted as an exhibit. Upon reviewing Dr. Hopes' report, the trial court classified appellant as a sexual predator under Megan's Law and advised him of his reporting requirements.

{¶ 7} Appellant timely appealed, raising the following assignment of error:

{¶ 8} THE TRIAL COURT ERRED IN CLASSIFYING [APPELLANT] AS A SEXUAL PREDATOR.[2]

{¶ 9} In his sole assignment of error, appellant contends the trial court erred when it classified him as a sexual predator as the state failed to present clear and convincing evidence that he is likely to engage in one or more sexually-oriented offenses in the future. Appellant argues he should not have been classified a sexual predator as he did not have any prior convictions for violent or sexual offenses and he tested only in the "moderate range" for recidivism when examined by Dr. Hopes.

{¶ 10} "A trial court's determination in a sex-offender classification hearing held pursuant to Megan's Law is reviewed under a manifest-weight-of-the-evidence standard." *State v. McGlosson*, 12th Dist. Butler No. CA2013-05-082, 2014-Ohio-1321, ¶ 27, citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 32. The state bears the burden of

---

2. The state contends appellant's appeal was untimely as his notice of appeal was not filed until after the court filed both the Judgment Entry Following Sexual Predator Hearing, dated February 27, 2018, and the Notice and Order of Duties to Register as an Offender of a Sexually Oriented/Child-Victim Oriented Offense, dated March 15, 2018. Because the court's Judgment Entry Following Sexual Predator Hearing contemplated further action by explicitly providing that the "duties to register and notification requirements" discussed at the hearing were to be set forth in a "separate entry," we find that appellant's April 12, 2018 notice of appeal of his sexual predator classification was timely.

demonstrating that an offender is a sexual predator by clear and convincing evidence. *Bell*, 2016-Ohio-7363 at ¶ 27. Clear and convincing evidence is evidence that "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Id.*, citing *Stat v. Wyant*, 12th Dist. Madison No. CA2003-08-029, 2004-Ohio-6663, ¶ 42.

{¶ 11} According to the version of Megan's Law in effect at the time of appellant's crimes, a sexual predator is a person who has been convicted of, or has pled guilty to, committing a sexually-oriented offense and is likely to engage in the future in one or more sexually-oriented offenses. Former R.C. 2050.01(E); *State v. Eppinger*, 91 Ohio St.3d 158, 163 (2001). In determining whether an offender should be classified as a sexual predator, the trial court is required to consider all relevant factors, including but not limited to (1) the offender's age, (2) the offender's prior criminal record, (3) the victim's age, (4) whether multiple victims were involved, (5) whether drugs or alcohol were used to impair the victim, (6) whether the offender has a mental illness or mental disability, (7) the nature of the offender's sexual contact with the victim and whether it was part of a pattern of abuse, (8) whether the offender displayed cruelty or made threats of cruelty, and (9) any additional behavioral characteristics that contribute to the offender's conduct. Former R.C. 2950.09(B); *McGlosson* at ¶ 28; *State v. Black*, 12th Dist. Butler No. CA2002-04-082, 2003-Ohio-2115, ¶ 11.

{¶ 12} "The trial court 'has discretion to determine what weight, if any, it will assign to each factor.'" *McGlosson* at ¶ 29, quoting *Wilson*, 2007-Ohio-2202 at ¶ 19. Further, "[t]he trial court is not required to find that the evidence presented supports a majority of the factors listed in former R.C. 2950.09(B), and may rely upon one factor more than another, depending upon the circumstances of the case." *Bell* at ¶ 26.

{¶ 13} Having thoroughly reviewed the record, we find that the trial court's classification of appellant as a sexual predator is supported by clear and convincing

evidence, most significantly Dr. Hopes' report. In determining that appellant was a sexual predator, the court noted that although Dr. Hopes found that appellant's risk of recidivism was moderate, several significant factors under former R.C. 2950.09(B) increased his risk of recidivism. These factors included the fact that there were multiple underage victims; there was a pattern of abuse; drugs had been supplied by appellant to the older victim; appellant took only a surface level of responsibility for his wrongdoing and continued to place blame on his victims; and appellant failed to complete a long-term sex offender treatment program despite being incarcerated for ten years.

{¶ 14} In looking at appellant's offenses, Dr. Hopes noted that the nature of appellant's conduct with his minor victims constituted a pattern of abuse that "significantly increase[d] his risk of recidivism." Appellant's youngest victim, C.W., was only six or seven when the sexual misconduct began and the sexual abuse lasted for a period of three or four years. Appellant engaged in sexual conduct with C.W. two or three times a month and he paid C.W. with cash after committing the sexual acts. Appellant was approximately 25 years old when his sexual abuse of C.W. began. As for appellant's sexual conduct with C.R., Dr. Hopes noted that appellant sometimes used drugs to impair his 16-year-old victim. Appellant engaged in oral and vaginal sex with C.R. on multiple occasions over a period of several months when he was approximately 34 years old, paying for the sex acts with cash and drugs.

{¶ 15} In her written report, Dr. Hopes noted that she had conducted both an actuarial risk assessment and a clinical risk assessment of appellant. Appellant's score on the Static-99, an "instrument designed to assist in the prediction of sexual and violent recidivism for sex offenders," placed appellant in the low to moderate risk category. Dr. Hopes' report stated that because the Static-99 relies on group data, an individual sex offender's risk of recidivism may be higher or lower than the probabilities estimated in the Static-99 test, depending upon

the other risk factors not measured by the instrument.[3]  With regard to appellant, Dr. Hopes identified a number of other risk factors that, as Dr. Hopes opined, created a "moderate likelihood of [appellant] committing another sexually oriented offense in the future."  For instance, although appellant had been incarcerated for ten years for committing the aforementioned sex offenses, he completed only a mandatory 30-day sex offender class when he was first sent to prison.  He never completed a voluntary long-term sex offender treatment program while imprisoned.

{¶ 16} Additionally, appellant's lack of genuine remorse for his offenses, his failure to accept full responsibility for his actions, and his tendency to place blame on his victims increased his likelihood of recidivism.  Although appellant expressed some regret for his actions, Dr. Hopes noted that "his regret for his offenses is almost entirely self-centered."  More than ten years after the offenses were committed, appellant continued to place blame for his actions on his victims – claiming that C.R. presented herself as an 18-year-old before the sex offenses occurred and that C.W. was "real fast when she was young" and "act[ed] older than what she really was."  With respect to C.W., appellant attempted to minimalize his wrongdoing, claiming that the sexual contact and conduct only happened "two or three times" the entire time he knew C.W., rather than multiple times over the course of three or four years, as reported by C.W. and as appellant pled guilty to in 2008.  When asked by Dr. Hopes how his behavior may have affected C.W., appellant's response indicated his belief that the child-victim was also at fault for the wrongdoing.  Appellant stated, "I know I was somebody that [C.W.] trusted.  I know I hurt her.  She sent me money.  We talked.  She said she forgive [sic] me.  And I forgive her.  I'm not mad at her.  She was hurt.  I'm hurt."  The trial

_____

3. In addition to the Static-99, Dr. Hopes also tested appellant using the Static 2002, which she described as an "updated version of the original test."  Appellant's score on the Static 2002 placed him in the moderate risk category.

court was clearly troubled by appellant's failure to take responsibility for his actions. The court noted that appellant's admission of wrongdoing was merely "a surface shallow kind of admission" as appellant continued to indicate the victims played a large role in the commission of the offenses.

{¶ 17} Given the evidence in the record, we find that the trial court did not err in determining that appellant is a sexual predator. Clear and convincing evidence supports the trial court's decision to classify appellant as a sexual predator. Further, to the extent that appellant contends the trial court in some way "admitted that it was not firmly convinced that [appellant] would likely re-offend" at the sexual predator hearing, we find no merit to his argument. At the hearing, the trial court clearly stated, "I find that the evidence has convinced me, it's been clear and convincing evidence as submitted in the report of Dr. Hopes, that you are likely to reengage in this kind of behavior in sexually oriented offenses in the future." The court then journalized its finding in its February 27, 2018 Judgment Entry Following Sexual Predator Hearing. Accordingly, for the reasons set forth above, we overrule appellant's sole assignment of error.

{¶ 18} Judgment affirmed.

S. POWELL, P.J., and RINGLAND, J., concur.