[Cite as *State v. Schneider*, 2020-Ohio-4630.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-09-093 |
| | : | O P I N I O N |
| - vs - | | 9/28/2020 |
| | : | |
| MICHAEL W. SCHNEIDER, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 19CR35281


David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

The VanNoy Firm, Markus L. Moll, 2621 Dryden Road, Suite 306, Dayton, Ohio 45439, for appellant


**PIPER, J.**

{¶1} Appellant, Michael W. Schneider, appeals his sexual predator classification pursuant to former R.C. 2950.09 by the Warren County Court of Common Pleas. For the reasons set forth below, we affirm the trial court's classification.

{¶2} In March 2019, a Warren County Grand Jury indicted appellant on two counts of rape, both first-degree felonies in violation of R.C. 2907.02(A)(1)(c). The charges were

based on appellant's alleged sexual conduct against an elderly, unresponsive woman living in a retirement and assisted living facility in which appellant worked as a nursing assistant/nurse's aide around the year 2000. Appellant pled guilty to both counts in June 2019. The trial court proceeded to sentence appellant by adopting the parties' jointly recommended sentence of six years mandatory imprisonment for each offense with the sentences to be served concurrently. The trial court further classified appellant a Tier III sex offender pursuant to the current R.C. Chapter 2950 requirements.

{¶3} Subsequently, the trial court entered an order vacating appellant's guilty pleas and sentences finding that appellant was improperly advised of the maximum penalty and sex offender registration requirement at his plea hearing.[1] In July 2019, the court held a renewed plea hearing in which appellant was properly advised. Appellant again entered guilty pleas to both counts. The trial court then ordered appellant undergo a psychological examination to evaluate his likelihood of sexual offense recidivism in preparation for a sexual predator classification hearing.

{¶4} On September 6, 2019, the trial court held a combined sexual predator and sentencing hearing. After hearing the evidence, the trial court determined appellant to be a sexual predator pursuant to former R.C. 2950.09. The trial court again adopted the jointly recommended sentences. Therefore, the trial court sentenced appellant to a mandatory 6-year term of imprisonment for each rape offense with the prison terms to be served concurrently.

{¶5} Appellant now appeals, raising the following assignment of error for review:

{¶6} THE TRIAL COURT ERRED BY DESIGNATING DEFENDANT/APPELLANT

---

1. The trial court recognized that appellant was not subject to the sexual offender registration requirements found in current R.C. Chapter 2950, known as the "Adam Walsh Act," but pursuant to *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, appellant was subject to the sexual offender registration requirements under the former R.C. Chapter 2950, known as "Megan's Law." *State v. Black*, 12th Dist. Butler No. CA2018-04-072, 2019-Ohio-444, ¶ 3 fn. 1.

AS A SEXUAL PREDATOR.

{¶7} In his sole assignment of error, appellant argues the trial court erred when it classified him a sexual predator. Appellant contends that the trial court did not consider all of the statutory criteria for the sexual predator classification.

{¶8} Pursuant to the former version of R.C. Chapter 2950, known as "Megan's Law," appellant's conviction for a sexually oriented offense subjected him to registration as a sex offender. *State v. Black,* 12th Dist. Butler No. CA2018-04-072, 2019-Ohio-444, ¶ 3 fn. 1. Relevant to this appeal, the highest and most stringent classification under Megan's Law was that of "sexual predator." *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, ¶ 26. Former R.C. 2950.01(E) defined a "sexual predator" as a person who had been convicted of, or had pleaded guilty to, committing a sexually oriented offense and was likely to engage in the future in one or more sexually oriented offenses. *State v. Eppinger*, 91 Ohio St.3d 158, 163 (2001). To classify an offender as a sexual predator, the trial court must hold an adjudicatory hearing and provide the offender an opportunity to present evidence and cross-examine witnesses.[2] Former R.C. 2950.09(B); *State v. Williams*, 88 Ohio St.3d 513, 519 (2000). The standard of proof for classifying an offender as a sexual predator is clear and convincing evidence. Former R.C. 2950.09(B)(4); *State v. Cook*, 83 Ohio St.3d 404, 408 (1998). Clear and convincing evidence is evidence that "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶9} Former R.C. 2950.09(B) provided several nonexclusive factors for the trial court to consider when determining whether to classify an offender as a sexual predator.

---

2. While not relevant to this appeal, under Megan's Law an offender's classification as a sexual predator would have been automatic in some instances. Former R.C. 2950.09(A); *State v. Cook*, 83 Ohio St.3d 404, 407 (1998).

These factors included (1) the offender's age, (2) the offender's criminal record, (3) the victim's age, (4) whether multiple victims were involved, (5) whether drugs and alcohol were used to impair the victim, (6) the offender's participation in sexual offender treatment pursuant to a previous sex offense conviction, (7) whether the offender has a mental illness or mental disability, (8) the nature of the offender's sexual contact with the victim and whether it was part of a pattern of abuse, (9) whether the offender displayed cruelty or made threats of cruelty, and (10) any additional behavioral characteristics that contribute to the offender's conduct. *State v. Black*, 12th Dist. Butler No. CA2002-04-082, 2003-Ohio-2115, ¶ 11. In considering these factors, the trial court "has discretion to determine what weight, if any, it will assign to each factor." *State v. Wilson*, 113 Ohio St. 3d 382, 2007-Ohio-2202, ¶ 19; *State v. Thompson*, 92 Ohio St.3d 584, 587-588 (2001). Furthermore, the trial court may rely upon one factor more than another, depending upon the circumstances of the case, and is not required to find that the evidence supports a majority of the factors. *State v. McGlosson*, 12th Dist. Butler No. CA2013-05-082, 2014-Ohio-1321, ¶ 29. These factors serve as a guideline for the trial court but do not control the decision-making process. *Thompson* at 587.

{¶10} An appellate court reviews the trial court's sexual predator determination pursuant to a manifest weight of the evidence standard. *Wilson*, 113 Ohio St. 3d 382, 2007-Ohio-2202 at ¶ 32. In weighing the evidence, an appellate court must be mindful of the presumption in favor of the finder of fact and sustaining the judgment. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 21. [3]

{¶11} After review of the record, we find that the trial court's decision to classify

---

3. In *Wilson*, the Ohio Supreme Court held that the "civil" manifest weight of the evidence standard applied to sexual predator classifications. *Id.* ¶ 32. Later, in *Eastley*, the supreme court clarified that there is no separate civil manifest weight of the evidence standard. *Id.* at ¶ 17. The manifest weight standard of review established by *State v. Thompkins*, 78 Ohio St.3d 380 (1997), applies to all manifest weight challenges. *Eastley* at ¶ 17.

appellant a sexual predator was not against the manifest weight of the evidence. At the combined sexual predator and sentencing hearing, the trial court heard testimony from the police detective in charge of the underlying rape investigation and a forensic psychologist who conducted the psychological examination of appellant. In addition to the testimony of these witnesses, the trial court also had two documentary exhibits, the police report and the psychologist's written report, along with the trial court's presentence-investigative report.

{¶12} The police detective testified that as part of the investigation, appellant's former girlfriend recorded a conversation she had with appellant in which appellant confessed to her that he had raped three women who resided at the assisted living facility when he worked there around 2000. The investigator testified that he was only able to obtain records that corroborated appellant's confession for one victim, therefore, appellant was not charged with offenses relating to the other two victims. This court has previously explained that for a sexual predator classification a trial court may take into account other, uncharged offenses when determining whether there is a likelihood of recidivism. *State v. Tringelof*, 12th Dist. Clermont Nos. CA2019-03-021 and CA2019-03-022, 2019-Ohio-5033, ¶ 27; *State v. Burgess*, 12th Dist. Fayette No. CA99-08-021, 2000 Ohio App. LEXIS 3059, *7 (July 10, 2000). The detective's testimony regarding appellant's confession to other uncharged offenses was both relevant and probative to the trial court's determination of appellant's likelihood of recidivism and directly relates to two factors in former R.C. 2950.09(B), that is, whether multiple victims were involved and whether there was a pattern of abuse in committing the underlying crimes.

{¶13} Regarding the psychological examination, the psychologist opined that appellant has a high risk of criminally offending and probably sexually reoffending. She based this opinion on the interview she conducted with appellant, his completion of two tests – the Personality Assessment Inventory and the Inventory of Risk and Needs – and

her completion of two psychological diagnostic instruments – the Static-99 and the Sexual Violence Risk-20 ("SVR-20"). While the psychologist noted that the results from the Static-99 indicated appellant was a very low risk of reoffending, she explained that the Static-99 was an underestimate of appellant's risk of recidivism. The Static-99 is used to identify the rate of recidivism by comparing sexual offenders to other sexual offenders, not the general population. Moreover, the Static-99 only considers a limited number of factors, so it is a narrowly tailored diagnostic tool. To provide a broader analysis of appellant's risk of recidivism, the psychologist used the SVR-20 to account for other factors, such as sexual deviations, sexual health, substance abuse issues, relationship history, employment history, and the offender's minimization of the crime. Using the SVR-20, the psychologist observed that appellant demonstrated dynamic and static risk factors that were predictive of sexually reoffending.

{¶14} In analyzing the factors of the SVR-20, the psychologist explained that individuals who commit rape offenses typically commit the offenses for one of two reasons. The offender is either motivated by a paraphilia, that is a sexual desire or fixation for the particular victim, or the offender is motivated by a sense of power, anger, and violence which could indicate psychopathy. During the interview with appellant, appellant denied any sexual desire or fixation for elderly woman, so the psychologist noted that it was probable appellant's motivation for the offenses was a result of psychopathy. The psychologist opined that psychopathy is an indicator of increased risk. Nevertheless, the psychologist did not formally diagnose appellant with a mental illness. The psychologist considered appellant to have significant substance abuse issues based on his admission to substance abuse issues relating to alcohol. The psychologist opined that there is a correlation between substance abuse and sexual offense recidivism.

{¶15} The psychologist also discussed discrepancies in appellant's employment

history. Although appellant told her that he had a history of stable employment, there were facts that contradicted this characterization. For instance, appellant admitted that he resigned from his position as a deputy sheriff, in lieu of involuntary termination, because of misconduct on the job. Later, working as a nurse for a hospital he was twice disciplined for sexually inappropriate statements to subordinate employees before he left that position.[4] The psychologist noted that even though appellant was still employed in healthcare as a traveling nurse, more recently appellant had shuffled between different employers. The psychologist opined that problems with employment are associated with a higher risk of sexual offense recidivism.

{¶16} The psychologist also evaluated the results from appellant's Inventory of Risk and Needs assessment. Based on this assessment, appellant's overall risk index closely aligned with those who are at a high risk of criminal recidivism. Furthermore, the psychologist discussed the statutory factors in former R.C. 2950.09(B). Of note, the psychologist opined that appellant's commission of the rape demonstrated cruelty. The medical and police investigation records for the victim showed that the victim suffered physical trauma, including bruising on the thighs and arms. Additionally, appellant told the psychologist that despite feeling guilty about the offense, he continued to work at the facility with the victim and failed to report the assault. This behavior, in the psychologist's opinion, suggested appellant minimized his wrongdoing and the minimization is predictive of future offenses.

{¶17} Given the evidence presented at the hearing, the trial court's classification of appellant as a sexual predator was not against the manifest weight of the evidence. Accordingly, appellant's sole assignment of error is overruled.

---

4. The presentence-investigative report also showed that appellant had been verbally warned by the jail for making inappropriate comments about the appearance of female detention center officers.

{¶18} Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.