OPINION
(¶ 1} Defendant-appellant, Sidney S. Hamilton ("appellant"), appeals the judgment of the Franklin County Court of Common Pleas, in which that court denied appellant's motion to withdraw his guilty plea to counts of attempted rape and gross sexual imposition. *Page 2 
 (¶ 2} On February 26, 1993, the Franklin County Grand Jury indicted appellant on one count each of rape, attempted rape and kidnapping, and two counts of gross sexual imposition, arising out of appellant's sexual assault of his eight-year-old niece. On that same date, the Franklin County Court of Common Pleas issued a warrant for appellant's arrest. On March 1, 1993, he was released on bond and his arraignment was scheduled for March 3, 1993. The record contains a form, signed by appellant and his counsel, and time-stamped on March 3, 1993. Therein, appellant averred that he had received a copy of the indictment, pled not guilty to all charges, and waived his right to be present at his arraignment. Appellant's case was subsequently set for trial on May 3, 1993.
(¶ 3} Following several continuances of the trial date, on August 31, 1993, appellant pled guilty to one count of attempted rape, an aggravated felony of the second degree, and one count of gross sexual imposition, a felony of the third degree. In exchange for this guilty plea, the court, at the state's request, entered a nolle prosequi as to the remaining counts of the indictment. On October 8, 1993, the trial court imposed a prison sentence of six to fifteen years for the attempted rape, and a determinate sentence of two years for the gross sexual imposition, to be served concurrently with the sentence for the attempted rape.
(¶ 4} While serving his sentence, appellant unsuccessfully moved the court for shock probation. On October 2, 1997, appellant filed a motion to withdraw his guilty plea on the basis that the prosecution had failed to turn over to the defense a tape containing a recording of a police interview of appellant that, appellant claimed, revealed that certain of his statements were coerced. On October 16, 1997, appellant instituted an appeal to this *Page 3 
court concerning his motion to withdraw his guilty plea. By memorandum decision dated October 31, 1997, this court dismissed the appeal as having been filed prematurely, because the trial court had not yet ruled on the motion to withdraw the guilty plea.
(¶ 5} Meanwhile, on October 29, 1997, the trial court journalized a decision and entry denying appellant's motion to withdraw his guilty plea. Also on that date, following an earlier hearing, the trial court determined that appellant is a sexual predator. On October 30, 1997, appellant instituted another appeal, which was also dismissed. On April 29, 1998, the Supreme Court of Ohio declined to accept jurisdiction of appellant's appeal from the October 29, 1997 judgment. On December 8, 1997, appellant again sought to appeal to this court from the trial court's October 29, 1997 judgment denying his motion to withdraw his guilty plea. On January 28, 1998, this court denied appellant leave to appeal because appellant had wholly failed to comply with the Ohio Rules of Appellate Procedure and had given no explanation for having delayed, by more than one week, seeking leave to appeal.
(¶ 6} On December 27, 1999, appellant filed a petition for post-conviction relief, which the trial court denied by decision and entry journalized on July 23, 2003. This court affirmed that decision on appeal. State v. Hamilton, Franklin App. No. 03AP-852, 2004-Ohio-2573, reconsideration denied, 2004-Ohio-3556, discretionary appeal not allowed, 103 Ohio St.3d 1477, 2004-Ohio-5405, 816 N.E.2d 253.
(¶ 7} On March 22, 2006, appellant filed a second motion to withdraw guilty plea. Like his previous motion to withdraw his guilty plea, appellant based his second such motion on the prosecution's alleged failure to turn over to the defense a tape recording of a police interview of appellant that, appellant claimed, revealed that certain of his *Page 4 
statements were coerced. Appellant also based his second motion to withdraw his guilty plea on his claim that, when he pled guilty, he did not understand that he could be held by the Ohio Adult Parole Authority for longer than an expected supervision period of two years. He also claimed that his plea agreement was void because the records from appellant's arraignment indicate he was present at that proceeding when, appellant claims, he was not. He argued that, because he was not present at his arraignment, the Franklin County Municipal Court did not properly "bind him over" to the Franklin County Court of Common Pleas, and, as such, the court of common pleas never acquired jurisdiction over him or his case. Finally, he argued that he had never been served with a copy of the entry denying his first motion to withdraw his guilty plea, nor had the court served him with a copy of the final appealable order adjudicating him a sexual predator.
(¶ 8} Also on March 22, 2006, appellant filed a separate document entitled "Motion for Reduction or Nullification of Predator Classification." Therein, he asserted the same arguments he advanced in support of his second motion to withdraw his guilty plea, and presented no arguments directly related to his classification as a sexual predator. The state filed memoranda opposing both of appellant's March 22, 2006 motions.
(¶ 9} By decision and entry journalized August 21, 2006, the trial court denied both motions. The court found no manifest injustice existed that required withdrawal of appellant's guilty plea. The court also noted that the issues related to the alleged audiotape of appellant's police interview had already been litigated in appellant's first motion to withdraw his guilty plea. The court observed that appellant had failed to appeal the judgment adjudicating him a sexual predator and, therefore, that classification could not be modified or removed, pursuant to R.C. 2950.09. *Page 5 (¶ 10} Appellant timely appealed and advances five assignments of error, as follows:
 APPELLANT'S FIRST ASSIGNMENT OF ERROR: TRIAL COURT ERRED AND ABUSED ITS DISCRETION, PREJUDICING APPELLANT, BY FAILING TO DETERMINE IF THE COMMON PLEAS COURT HAS PROPER JURISDICTION OVER APPELLANT BASED ON THE RULES OF "CONTRACT LAW." STEMMING FROM THE MUNICIPAL COURTS [SIC] FAILURE TO PROPERLY RULE AND BINDOVER APPELLANT; AND THE COMMON PLEAS COURT [SIC] FAILURE TO PROPERLY ASSUME JURISDICTION OVER APPELLANT; PREVENTING COMMON PLEAS COURT FROM OFFERING ANY PLEA AGREEMENT TO APPELLANT; CAUSING "PLAIN ERROR," AMOUNTING TO AN [SIC] MANIFEST INJUSTICE.
 APPELLANT'S SECOND ASSIGNMENT OF ERROR: TRIAL COURT ERRED AND ABUESED [SIC] ITS DISCRETION, PREJUDICING APPELLANT, THROUGH AND BY, DENYING APPELLANT'S MOTIONS BASED ON THE TRIAL COURTS [SIC] FAILURE TO SEND APPELLANT A "FINAL APPEALABLE ORDER," FROM THE HEARING HELD ON SEPTEMBER 30, 1997, CONCERNING 1) MOTION TO WITHDRAW GUILTY PLEA, BASED ON WITHHELD EXCULPATORY EVIDENCE — TAPE REQUESTED MORE THEN [SIC] THREE TIMES. 2) MOTION TO WITHDRAW COUNSEL, 3) COURT'S DECISION ON THE HOUSE-BILL 180 MATTER, WHICH LEAD ALL OTHERS [SIC] COURT TO BELIEVE APPELLANT FAIL [SIC] TO PROPERLY FILE AN APPEAL, WHEN IN FACT HE HAD NEVER RECEIVE [SIC] ANY JUDGMENT ENTRIES. AMOUNTING TO MANIFEST INJUSTICE COMBINED WITH THE FACT NO JUDGEMENT [SIC] ENTRY FROM MUNICIPAL COURT WAS FILED TO BIND APPELLANT OVER TO COMMON PLEAS COURT.
 APPELANT'S THIRD ASSIGNMENT OF ERROR: TRIAL COURT ERRED AND ABUSED ITS DISCRETION, PREJUDICING APPELLANT, THROUGH AND BY THE RULING THAT THE APPELLANT FAILED TO APPEAL THE COURTS [SIC] DECISION(S) AND — ADJUDICATING HIM AS A SEXUAL PREDATOR, WHEN APPELLANT WAS NEVER SENT ANY JUDGMENT ENTRY THROUGH THE COURTS, DENYING APPELLANT THE RIGHT TO AN *Page 6 
APPEAL, WHICH WAS ENACTED THROUGH AND BY AN UNLAWFUL CONVICTION, CAUSING "PLAIN ERROR," WITH THE TRIAL COURT DEVIATION AND OMISSION FROM THE OHIO CRMINAL [SIC] PROCEDURAL PROCESS, WHICH PREJUDICE [SIC] THE APPELLANT AMOUNTING TO AN [SIC] MANIFEST INJUSTICE. Pursuant to Crim.R. 32(B) and 52(B).
 APPELLANT'S FOURTH ASSIGNMENT OF ERROR: TRIAL COURT ERRED AND ABUESED [SIC] ITS DISCRETION, PREJUDICING APPELLANT, THROUGH AND BY THE COURTS [SIC] FAILURE THE [SIC] ENSURE THAT ITS OWN RECORD AGAINST THE APPELLANT CORRECT AND PROPER, ACCORDING TO THE RULES GOVERNING COURTS IN THE STATE OF OHIO. APPELLANT'S FIFTH ASSIGNMENT OF ERROR: TRIAL COURT ERRED AND ABUESED [SIC] ITS DISCRETION, PREJUDICING APPELLANT, THROUGH AND BY FAILING TO CONSIDER THE "TOTALITY OF CIRCUMSTANCES," AND RULING AGAINST THE MANIFEST WEIGHT OF EVIDENCE.
 (¶ ll} Rule 32.1 of the Ohio Rules of Criminal Procedure provides, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This court recently set forth the standard of review of a decision denying a motion to withdraw a guilty plea, as follows:
 Crim.R. 32.1 governs the withdrawal of a guilty plea and provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." The Supreme Court of Ohio has defined a manifest injustice as a "clear and openly unjust act." This court has stated that *Page 7 
"manifest injustice relates to some fundamental flaw in the proceedings which result in a miscarriage of justice or is inconsistent with the demands of due process." Under the manifest injustice standard, a post-sentence motion to withdraw will be granted only in "extraordinary cases." A guilty plea that is not entered knowingly, voluntarily or intelligently creates a manifest injustice entitling a defendant to withdraw a guilty plea.
(Citations omitted.) State v. Franks, Franklin App. No. 04AP-362,2005-Ohio-462, ¶ 6.
(¶ 12} We will address appellant's first and fourth assignments of error together because they are interrelated. Therein, appellant argues that the court erred in refusing to allow him to withdraw his guilty plea on the ground that the court maintains an incorrect record of appellant's arraignment, and that, because appellant was not present at his arraignment even though the court records, appellant says, indicate that he was present, the court of common pleas never acquired jurisdiction over him.
(¶ 13} We perceive no indication that the court's records do not reflect the truth about appellant's arraignment. Appellant claims he was not present at his arraignment. The record reflects that he waived his right to be present at his arraignment. Moreover, the courts of common pleas acquire jurisdiction of the offense by statute and over the person of the defendant by the indictment. Doughty v. Sacks (1962),173 Ohio St. 407, 408, 20 O.O.2d 39, 183 N.E.2d 368, vacated on other grounds,Doughty v. Maxwell (1963), 372 U.S. 781, 83 S.Ct. 1106, 10 L.Ed.2d 139. Appellant was indicted on February 26, 1993. Therefore, by the time he was arraigned on March 3, 1993, the court of common pleas had already acquired jurisdiction over him. For these reasons, appellant's first and fourth assignments of error are without merit and are overruled. *Page 8 
 (¶ 14} Appellant's second and third assignments of error are interrelated and will be addressed together. Therein, appellant argues that the trial court should have granted his motion to withdraw his guilty plea and should have vacated his sexual predator classification because he never received copies of the court's earlier judgments denying his first motion to withdraw his guilty plea and adjudicating him a sexual predator. The record belies appellant's unsupported claim that he never received copies of the trial court's judgments. Appellant availed himself of the opportunity for redress through appeal on numerous occasions, yet his attempts were ultimately unsuccessful because he failed to comply with the rules of court and failed to provide the requisite explanation for his own delays.
(¶ 15} Moreover, R.C. 2950.09(D)(2) provides that a sexual predator adjudication is "permanent and continues in effect until the offender's death and in no case shall the classification or adjudication be removed or terminated." Previously, R.C. 2950.09(D) provided a mechanism for an adult offender to petition a court to remove a sexual predator classification and the obligations attendant thereto. However, the General Assembly removed that provision when it amended the statute by S.B. No. 5, effective July 31, 2003. State v. Turner, Richland App. No. 2004-CA-36, 2004-Ohio-6573, ¶ 9, fn. 1; State v. Shelton, Cuyahoga App. No. 83289, 2004-Ohio-5484, ¶ 15. Appellant did not request removal of his classification until after the effective date of the amendment.
(¶ 16} For all of the foregoing reasons, we find no merit in appellant's second and third assignments of error and the same are hereby overruled.
(¶ 17} Appellant's fifth assignment of error contends that the trial court abused its discretion by failing to consider the "totality of [the] circumstances" and that the trial *Page 9 
court's decision was "against the manifest weight of the evidence." His argument under this assignment of error consists in a restating of arguments under his other four assignments of error and citation to cases involving review of convictions entered upon jury verdicts. Because appellant's fifth assignment of error has no merit, the same is hereby overruled.
(¶ l8} Having overruled all of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BROWN and TYACK, JJ., concur. *Page 1