[Cite as *State v. Cunningham*, 2014-Ohio-3702.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 14AP-251 |
| v. | : | (C.P.C. No. 99CR-3468) |
| Anthony Cunningham, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

———————————

D E C I S I O N

Rendered on August 26, 2014

———————————

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Anthony Cunningham*, pro se.

———————————

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} Anthony Cunningham, defendant-appellant, appeals from the judgment of the Franklin County Court of Common Pleas, in which the court denied his motion to impose a sentence that is authorized by the felony sentencing guidelines.

{¶ 2} The underlying facts of the crime for which appellant was convicted are irrelevant to the issues on appeal. Furthermore, in the years since his convictions, appellant has filed a bevy of pleadings, only some of which we include in our factual summary. In 1999, appellant was found guilty of four counts of forcible rape of a girl under the age of 13, as well as counts of kidnapping and gross sexual imposition. The trial court sentenced him to concurrent sentences of life imprisonment for each rape

conviction, ten years of imprisonment for his kidnapping conviction, and five years of imprisonment for his gross sexual imposition convictions. The trial court also classified appellant a sexual predator. However, in the sentencing entry, the court erroneously indicated that appellant received ten-year sentences for both his rape and kidnapping convictions. This court affirmed his convictions and his sexual predator classification in *State v. Cunningham*, 10th Dist. No. 00AP-67 (Sept. 21, 2000) ("*Cunningham I*").

{¶ 3}  In June 2000, appellant filed a motion for new trial, which the trial court denied.

{¶ 4}  In 2001, the State of Ohio, plaintiff-appellee, filed a motion requesting the trial court amend its sentencing entry to change the ten-year sentences for his rape convictions to life sentences. The state argued the trial court imposed life sentences for his rape convictions and was required to do so because the victim of appellant's offenses was under the age of 13. *See* R.C. 2907.02(B). On May 23, 2001, the trial court filed a corrected judgment entry to reflect such. However, in the entry, the trial court erroneously changed appellant's kidnapping sentence to a life sentence. As a result, on July 6, 2001, the trial court filed a second corrected judgment entry that indicated appellant received a ten-year sentence for his kidnapping conviction.

{¶ 5}  On March 6, 2002, appellant filed a motion for new trial. On March 7, 2002, the trial court denied appellant's motion, finding that appellant did not state any grounds for the late filing of his motion. We affirmed the trial court's judgment in *State v. Cunningham*, 10th Dist. No. 02AP-332, 2002-Ohio-6841 ("*Cunningham II*").

{¶ 6}  In 2008, appellant filed a motion for new trial, motion for relief from judgment, and motion for summary judgment, all of which the trial court denied on January 27, 2009.

{¶ 7}  On February 22, 2010, appellant filed a motion to impose valid sentences, arguing his sentencing entries were void, were not final appealable orders, and failed to comply with Crim.R. 32(C). Specifically, appellant argued, the trial court erred in failing to properly include post-release control in the sentencing entries and, thus, the sentences were void. On April 16, 2010, the trial court denied appellant's motion. We affirmed the trial court's judgment in *State v. Cunningham*, 10th Dist. No. 10AP-452, 2011-Ohio-2045 ("*Cunningham III*").

{¶ 8}  In 2011, appellant filed a motion to remove stay, remove tier classification, and proceed with a proper classification hearing, pursuant to R.C. 2950.09, the law in effect in 1999; and a motion to discharge for improper use of nunc pro tunc entries or a lawful remedy. The trial court denied both of those motions. In *State v. Cunningham*, 10th Dist. No. 11AP-989, 2012-Ohio-2782 ("*Cunningham IV*"), we affirmed the trial court's judgments, finding that all of appellant's assignments of error addressed either his 1999 sexual predator classification or the amended sentencing entries the trial court filed in 2001 and, thus, the issues were precluded by res judicata because he could have raised his arguments in his previous appeals to this court.

{¶ 9}  On December 24, 2013, appellant filed a "motion to impose sentence that is authorized by the overriding purposes of the felony sentencing guidelines [R.C.] 2929.14 or 2971.03 as law in 1999 S.B. 2." On March 5, 2014, the trial court issued a judgment in which it denied appellant's motion based upon res judicata because this court and the trial court had already ruled numerous times that appellant's sentence was proper. Appellant appeals the judgment of the trial court, asserting the following assignments of error:

> [I.] The trial court errored in applying res judicata to a contrary to law sentence without applying res judicata to the state first, for entering a void corrected entry out of time. 2953.08.
>
> [II.] The word life is "contrary to law" and void as a sentence because the trial court failed to properly apply the felony sentencing guidelines 2929.14(A)(1) or 2971.03 when attempting to impose the word life as a sentence pursuant to 2929.13(F)(2).

(Sic passim.)

{¶ 10} We will address appellant's assignments of error together. In his first assignment of error, appellant argues the trial court erred when it applied res judicata to his arguments regarding sentencing because the court failed to cite any authorities to support its reasoning. Appellant also contends the trial court should have previously applied res judicata to prohibit the July 6, 2001 corrected entry.  In his second assignment of error, appellant argues that the trial court erred when it failed to properly apply the felony sentencing guidelines to his sentence in the July 6, 2001 corrected entry.

{¶ 11} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that "was raised or could have been raised" by the defendant at trial, which resulted in that judgment of conviction or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶ 12} Appellant's arguments attack the trial court's 2001 corrected sentencing entries as being unlawful. However, appellant's arguments are barred by res judicata. As we noted in *Cunningham IV* at ¶ 8 "[a]ppellant did not file an appeal from either of those nunc pro tunc entries nor did he file a motion for delayed appeal in this court." Appellant also did not raise the present arguments in any of his previous appeals to this court that related to the corrected sentencing entries. Appellant previously challenged the corrected sentencing entries in his 2010 motion to impose a valid sentence, but he failed to raise the present arguments in that motion. On appeal of the trial court's denial of that motion, in *Cunningham III*, we rejected appellant's arguments regarding the corrected sentencing entries. Likewise, in *Cunningham IV*, appellant challenged the trial court's use of the 2001 corrected sentencing entries, but he never raised the arguments presented in the current appeal. We rejected appellant's challenge to the 2001 corrected sentencing entries in *Cunningham IV* based upon res judicata. Therefore, we agree with the trial court in the present case that both the trial court and this court have already adjudicated the lawfulness of his sentence, and further review is barred by res judicata. For all these reasons, we overrule appellant's first and second assignments of error.

{¶ 13} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and LUPER SCHUSTER, JJ., concur.

_____