[Cite as *State v. Cunningham*, 2023-Ohio-1986.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 23AP-12 (C.P.C. No. 99CR-3468) |
| v. | : | (ACCELERATED CALENDAR) |
| Anthony J. Cunningham, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 15, 2023

**On brief:** *Janet A. Grubb*, First Assistant Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Anthony J. Cunningham*, pro se.

APPEAL from Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Defendant-appellant, Anthony J. Cunningham, pro se, appeals from a December 14, 2022 entry denying his August 30, 2022 petition to remove his sexual-predator classification and an October 3, 2022 "motion to enforce stipulated agreement or set for trial."

{¶ 2} For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} On June 30, 1999, a Franklin County Grand Jury indicted appellant on four counts of rape in violation of R.C. 2907.02, felonies of the first degree (Count One to Count Four); one count of kidnapping in violation of R.C. 2905.01, a felony of the first degree (Count Five); and two counts of gross sexual imposition in violation of R.C. 2907.05,

felonies of the third degree (Counts Six and Seven). Each rape count in the indictment included a sexually violent predator specification. The charges alleged in the indictment originated out of separate incidents of sexual abuse between appellant and his neighbor, an eleven-year-old girl, from January 1, 1999 to February 28, 1999. The matter proceeded to a jury trial in the fall of 1999. On October 4, 1999, a jury found appellant guilty on all counts. On December 10, 1999, the trial court sentenced appellant to concurrent sentences of life in prison for each rape conviction, ten years for the kidnapping conviction, and five years for each of the gross sexual imposition convictions. The trial court also classified appellant as a sexual predator. The trial court's sentencing entry, however, erroneously indicated that appellant was sentenced to ten-year sentences for the rape and kidnapping convictions. On direct appeal, this court affirmed appellant's convictions and his sexual-predator classification. *See State v. Cunningham*, 10th Dist. No. 00AP-67, 2000 Ohio App. LEXIS 4244 (Sept. 21, 2000) ("*Cunningham I*"). Since *Cunningham I*, a series of motions and appeals have ensued. We summarized the protracted procedural history of this case in *State v. Cunningham*, 10th Dist. No. 14AP-251, 2014-Ohio-3702, ¶ 3-9 ("*Cunningham V*"), as follows:

> In June 2000, appellant filed a motion for new trial, which the trial court denied.
>
> In 2001, the State of Ohio, plaintiff-appellee, filed a motion requesting the trial court amend its sentencing entry to change the ten-year sentences for his rape convictions to life sentences. The state argued the trial court imposed life sentences for his rape convictions and was required to do so because the victim of appellant's offenses was under the age of 13. *See* R.C. 2907.02(B). On May 23, 2001, the trial court filed a corrected judgment entry to reflect such. However, in the entry, the trial court erroneously changed appellant's kidnapping sentence to a life sentence. As a result, on July 6, 2001, the trial court filed a second corrected judgment entry that indicated appellant received a ten-year sentence for his kidnapping conviction.
>
> On March 6, 2002, appellant filed a motion for new trial. On March 7, 2002, the trial court denied appellant's motion, finding that appellant did not state any grounds for the late filing of his motion. We affirmed the trial court's judgment in *State v. Cunningham*, 10th Dist. No. 02AP-332, 2002-Ohio-6841 ("*Cunningham II*").

In 2008, appellant filed a motion for new trial, motion for relief from judgment, and motion for summary judgment, all of which the trial court denied on January 27, 2009.

On February 22, 2010, appellant filed a motion to impose valid sentences, arguing his sentencing entries were void, were not final appealable orders, and failed to comply with Crim.R. 32(C). Specifically, appellant argued, the trial court erred in failing to properly include post-release control in the sentencing entries and, thus, the sentences were void. On April 16, 2010, the trial court denied appellant's motion. We affirmed the trial court's judgment in *State v. Cunningham*, 10th Dist. No. 10AP-452, 2011-Ohio-2045 ("*Cunningham III*").

In 2011, appellant filed a motion to remove stay, remove tier classification, and proceed with a proper classification hearing, pursuant to R.C. 2950.09, the law in effect in 1999; and a motion to discharge for improper use of nunc pro tunc entries or a lawful remedy. The trial court denied both of those motions. In *State v. Cunningham*, 10th Dist. No. 11AP-989, 2012-Ohio-2782 ("*Cunningham IV*"), we affirmed the trial court's judgments, finding that all of appellant's assignments of error addressed either his 1999 sexual predator classification or the amended sentencing entries the trial court filed in 2001 and, thus, the issues were precluded by res judicata because he could have raised his arguments in his previous appeals to this court.

On December 24, 2013, appellant filed a "motion to impose sentence that is authorized by the overriding purposes of the felony sentencing guidelines [R.C.] 2929.14 or 2971.03 as law in 1999 S.B. 2." On March 5, 2014, the trial court issued a judgment in which it denied appellant's motion based upon res judicata because this court and the trial court had already ruled numerous times that appellant's sentence was proper. Appellant appeal[ed] the judgment of the trial court.

{¶ 4} In *Cunningham V*, appellant's two assignments of error concerned the trial court's 2001 corrected sentencing entries. *Id.* at ¶ 12. We ultimately affirmed the trial court's decision to deny appellant's motion finding his arguments were precluded under the doctrine of res judicata writing:

As we noted in *Cunningham IV* at ¶ 8 "[a]ppellant did not file an appeal from either of those nunc pro tunc entries nor did he file a motion for delayed appeal in this court." Appellant also did not raise the present arguments in any of his previous

appeals to this court that related to the corrected sentencing entries. Appellant previously challenged the corrected sentencing entries in his 2010 motion to impose a valid sentence, but he failed to raise the present arguments in that motion. On appeal of the trial court's denial of that motion, in *Cunningham III*, we rejected appellant's arguments regarding the corrected sentencing entries. Likewise, in *Cunningham IV*, appellant challenged the trial court's use of the 2001 corrected sentencing entries, but he never raised the arguments presented in the current appeal. We rejected appellant's challenge to the 2001 corrected sentencing entries in *Cunningham IV* based upon res judicata.

*Cunningham V* at ¶ 12.

{¶ 5} On August 30, 2022, appellant filed a "petition for removal from classification" with the trial court arguing that his sexual-predator classification should be removed under former R.C. 2950.09(D)(1). On October 3, 2022, appellant filed a "motion to enforce stipulated agreement or set for trial" arguing that the state's decision to amend the indictment—dismissing the sexually violent predator specifications—created a contract, which prohibited the state from pursuing a sexual-predator classification. On December 14, 2022, the trial court denied both motions. The trial court first concluded that R.C. 2950.09(D)(2) has no provision that allows the removal of a sexual-predator classification. The trial court went on to find that there is nothing in the transcript to indicate a stipulation or contract was entered into between the parties that precluded the state from moving forward with the sexual-predator hearing.

{¶ 6} Appellant filed an appeal on January 6, 2023.

## II. ASSIGNMENTS OF ERROR

{¶ 7} Appellant assigns the following as trial court error:

[1.] Trial Court Abused its discretion by refusing to enforce binding contract or set for trial as failure to grant either remedy constitutes an error as a matter of law, such promise or agreement was the inducement or consideration that denied appellants Sixth Amendment Right to Trial by Jury and other fundamental rights under the Sixth, Eighth and Fourteenth Constitutional Amendments.

[2.] Trial court abused its discretion by failing to hold an evidentiary hearing to determine if an enforceable contractual agreement existed and/or the terms of binding contract.

[3.] The trial court abused its discretion by not interrogating defendant as to the detriment or benefit of accepting the agreement of withdrawing the specifications so that the agreement was understood on the record as waiving fundamental rights. Meaning the same classification (predator) and sentence (life) would or could be imposed without the specification and without being tried to the jury, Crim. R. 11 requirements.

[4.] The promise or agreement was the inducement or consideration that caused appellants right to a jury trial guaranteed in the Sixth and Fourteenth Amendments to the United States Constitution, and Sections 5 & 10, Article I of the Ohio Constitution to be indirectly waived. R.C. 2945.05. No waiver of right to jury trial, Crim. R. 23., appellant did not plead guilty.

(Emphasis deleted.) (Sic passim.)

## III. LEGAL ANALYSIS

### A. Appellant's Assignments of Error

{¶ 8} Preliminarily, we must address whether appellant's four assignments of error are barred under the doctrine of res judicata.

{¶ 9} The doctrine of res judicata precludes someone from asserting a claim that was raised, or could have been raised, in a prior proceeding. *State v. Blanton*, ___ Ohio St.___, 2022-Ohio-3985, ¶ 2, citing *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). " '[A]ny issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings.' " *State v. Gamble*, 10th Dist. No. 22AP-584, 2023-Ohio-843, ¶ 6, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37. "Res judicata 'promotes principles of finality and judicial economy by preventing endless relitigation of an issue upon which there was already a full or fair opportunity to be heard.' " *Geico Indemn. Co. v. August*, 10th Dist. No. 22AP-423, 2023-Ohio-1196, ¶ 17, quoting *State v. Jama*, 10th Dist. No. 11AP-210, 2012-Ohio-2466, ¶ 45, citing *Saxon* at ¶ 18.

{¶ 10} Appellant argues that the state's request to amend the indictment, which dismissed the sexually violent predator specifications, created a contract that precluded the state from pursuing a sexual-predator classification at the hearing. Appellant also argues

that the trial court erred in denying his motion to remove the sexual-predator designation under R.C. 2950.09(D).

{¶ 11} Upon review, these arguments are precluded under the doctrine of res judicata as they were either raised or could have been raised in appellant's previous appeals to this court. We have applied the doctrine of res judicata in appellant's prior cases concluding that appellant was barred from challenging issues that could have been raised in his direct appeal. *See Cunningham IV* at ¶ 5-7; *Cunningham V* at ¶ 12 ("Therefore, we agree with the trial court in the present case that both the trial court and this court have already adjudicated the lawfulness of his sentence, and further review is barred by res judicata."). We note that appellant's argument that the transcript constitutes newly discovered evidence is unpersuasive as it has been available for many years and could have been raised on direct appeal. Accordingly, any challenge to the sexual-predator classification or sentence is barred under res judicata.

{¶ 12} Arguendo, even if we were to consider appellant's four assignments of error, we find the substance of appellant's arguments without merit. Regarding appellant's motion to have the sexual-predator classification removed, the trial court correctly found that former R.C. 2950.09(D)(2) has no provision for a person designated as a sexual predator to have the classification removed.[1]

{¶ 13} Likewise, this court has found there is no mechanism to have a sexual-predator designation removed or altered. *State v. Johnson*, 10th Dist. No. 13AP-549, 2013-Ohio-4990, ¶ 7 ("no statutory authority exists to support the alteration of a classification as a sexual predator in this instance"); *Hamilton* at ¶ 15. Appellant's contract argument is equally unavailing. It is apparent from the transcript that, despite amending the indictment, the state intended to go forward with the sexual-predator hearing at a later date, which is what happened in this case. There is nothing in the record to support

---

[1] A prior version of R.C. 2950.09 included a provision for an offender to petition a court to remove the sexual-predator classification. The General Assembly, however, removed this mechanism with its enactment of 2003 Am.Sub.S.B. No. 5, effective July 31, 2003. *State v. Hamilton*, 10th Dist. No. 06AP-944, 2007-Ohio-2473, ¶ 15, citing *State v. Turner*, 5th Dist. No. 2004-CA-36, 2004-Ohio-6573, ¶ 9, fn. 1; *State v. Shelton*, 8th Dist. No. 83289, 2004-Ohio-5484, ¶ 15. The Supreme Court of Ohio found 2003 Am.Sub.S.B. No. 5 applied retroactively to offenses that occurred prior to the bill's enactment. *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, ¶ 20, *superseded by statute on other grounds* as stated in *State v. Jarvis*, 167 Ohio St.3d 118, 2021-Ohio-3712. Thus, outside limited circumstances not involved in this case, the sexual-predator classification is permanent.

appellant's claim that the state agreed to forgo a future hearing concerning the sexual-predator classification.

{¶ 14} Accordingly, appellant's four assignments of error are overruled.

## IV. CONCLUSION

{¶ 15} Having overruled appellant's four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT, P.J. and BOGGS, J., concur.

_____