[Cite as *State v. Worrell*, 2024-Ohio-2464.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 23AP-611 |
| | | (C.P.C. No. 02CR-4820) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Richard K. Worrell, | : | |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on June 27, 2024

---

**On brief:** [*Janet A. Grubb*, First Assistant Prosecuting Attorney], and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert*.

**On brief:** *The Law Office of Eric J. Allen, Ltd.*, and *Eric J. Allen*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Richard K. Worrell, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to exclude him from registering as a sex offender. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} In August 2002, the Franklin County Grand Jury indicted Worrell on three counts of rape, one count of kidnapping, one count of abduction, and one count of felonious assault. The case proceeded to a jury trial and Worrell was found guilty as charged. The trial court then held sexual predator and sentencing hearings. *State v. Worrell*, 10th Dist. No. 04AP-410, 2005-Ohio-1521, ¶ 18 ("*Worrell I*"). The trial court adjudicated Worrell a sexual predator and sentenced him to a total of 19 years in prison. *Id.* Worrell appealed,

and this court affirmed the convictions, sentences, and the sexual predator classification. *See id.* In 2006, and based on *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio reversed and remanded for resentencing. *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, ¶ 56. On remand, the trial court imposed the same prison sentence. On appeal, this court again affirmed. *State v. Worrell*, 10th Dist. No. 06AP-706, 2007-Ohio-2216 ("*Worrell II*").

{¶ 3} In July 2023, Worrell filed a motion to be excluded from having to register as a sex offender under R.C. 2950.01 et seq. He argued the trial court did not hold a sexual predator hearing when he was originally sentenced in 2004, and that he did not waive this requirement. He also argued the trial court failed to determine whether he is a habitual sex offender. In September 2023, the trial court denied Worrell's motion. Worrell timely appeals from this denial.

## II. Assignment of Error

{¶ 4} Worrell assigns the following sole assignment of error for our review:

> The trial court erred in denying appellant's motion to remove him from the sex offender registry.

## III. Discussion

{¶ 5} In his sole assignment of error, Worrell alleges the trial court erred in denying his motion to remove him from the sex offender registry. He argues the trial court did not hold a sexual predator hearing when he was originally sentenced in 2004, and that he did not waive this requirement. He also argues the trial court failed to determine whether he is a habitual sex offender. This assignment of error is not well-taken.

{¶ 6} In 1996, the General Assembly enacted Ohio's version of what is commonly known as "Megan's Law," codified in R.C. Chapter 2950, which created a comprehensive registration and classification system for sex offenders. *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, ¶ 3-7. In 2007, the General Assembly enacted Am.Sub.S.B. No. 10 ("S.B. 10") which repealed Megan's Law and, in its place, adopted Ohio's version of the federal Adam Walsh Child Protection and Safety Act ("AWA"), 42 U.S.C. 16901, et seq. *See State v. Chapman*, 10th Dist. No. 15AP-70, 2015-Ohio-4042, ¶ 4. Because Worrell committed the underlying offenses before the enactment of the AWA, he was subject to Megan's Law. *See State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, ¶ 17. Former

R.C. 2950.09(B)(1) required the trial court to hold a hearing to determine whether Worrell is a sexual predator. Former R.C. 2950.01(E) defined a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." And regardless of whether Worrell was found to be a sexual predator, former R.C. 2950.09(E) required the sentencing court to make a habitual sex offender finding. *State v. Rhodes*, 7th Dist. No. 99 BA 62, 2002 Ohio App. LEXIS 6813, ¶ 41 (Mar. 27, 2002).

**{¶ 7}** The errors Worrell alleges relating to Megan's Law requirements are barred by res judicata. "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Braden*, 10th Dist. No. 17AP-321, 2018-Ohio-1807, ¶ 10. *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37 ("[A]ny issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings."). "[T]he application of res judicata is mandatory, even if there is a subsequent change in the law by judicial decision." *State v. Ayers*, 185 Ohio App.3d 168, 2009-Ohio-6096, ¶ 16 (8th Dist.), citing *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996). In Worrell's first direct appeal, he assigned as error the trial court's finding that he is a sexual predator, arguing it was not supported by the evidence and was contrary to law. *Worrell I* at ¶ 20. This court rejected this claimed error, "conclud[ing] that the trial court properly adjudicated [Worrell] a sexual predator." *Id.* at ¶ 88. Further, although Worrell did not raise the habitual sex offender argument in his direct appeal, he could have. Because the errors Worrell alleges relating to Megan's Law were or could have been raised in his direct appeal, they are barred by res judicata. *See, e.g.*, *State v. Cunningham*, 10th Dist. No. 23AP-12, 2023-Ohio-1986 (the appellant's challenge to his sexual predator classification was barred by res judicata because he could have raised the issue in his direct appeal).

**{¶ 8}** Seeking to avoid the effect of res judicata, Worrell asserts the trial court judgment is void because there was no determination of whether he is a habitual sex offender. "[A]n exception to the application of res judicata applies to void judgments," as a void judgment may be challenged at any time. *State v. Davis*, 10th Dist. No. 19AP-419, 2019-Ohio-4956, ¶ 10; *State v. Castile*, 10th Dist. No. 23AP-155, 2023-Ohio-2860, ¶ 11. But

"[a] judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 43. Because the trial court did not lack subject-matter jurisdiction over the case or personal jurisdiction over Worrell, his void exception argument fails.

{¶ 9} For these reasons, we overrule Worrell's sole assignment of error.[1]

## IV. Disposition

{¶ 10} Having overruled Worrell's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

EDELSTEIN and LELAND, JJ., concur.

_____

[1] The applicability of res judicata obviates any necessity to further discuss the Megan's Law issues Worrell has raised in this appeal.